1 | Tyler R. Andrews (SBN 250686)
2 | andrewst@gtlaw.com
  | Roger L. Scott (SBN 247165)
3 | scottro@gtlaw.com
4 | GREENBERG TRAURIG, LLP
  | 3161 Michelson Dr., Suite 1000
5 | Irvine, CA 92162
6 | Tel: (949) 732-6500
  | Fax: (949) 732-6501
7 |
8 | Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGFREDO CABRERA and ENKO TELAHUN, as individuals, on behalf of themselves, and all other persons similarly situated, | CASE NO. _____ |
| Plaintiffs, | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** |
| vs. | |
| CVS RX SERVICES, INC., a New York corporation, CVS PHARMACY, INC., a Rhode Island corporation, GARFIELD BEACH CVS, LLC, a California limited liability company, and DOES 1 to 10 inclusive, | State Case No.: RG17870184 |
| | State Action Filed: August 3, 2017 |
| | State Action Served: |
| Defendants. | Sept. 7, 2017 (Garfield Beach CVS, LLC) |
| | Sept. 8, 2017 (CVS Rx Services, Inc. and CVS Pharmacy, Inc.) |

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

TO THE CLERK OF THE UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc. and Garfield Beach CVS, LLC (collectively, "Defendants"), hereby remove the state court action described below to this the United States District Court for the Northern District of California. Removal is warranted under 28 U.S.C. §§ 1441(a)-(b), and 1446 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and (d). Defendants provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## STATEMENT OF JURISIDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

---

[1] A notice of removal "need not contain evidentiary submissions." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'"). Rather, as the Supreme Court has clarified, "if the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 553-54. Should Plaintiffs Sigredo Cabrera and Enko Telahun properly submit a motion to remand, Defendants would then respond with evidence.

2. On August 3, 2017, Plaintiff Sigfredo Cabrera filed an action captioned *Cabrera v. CVS Rx Services, Inc. et al.*, No. RG 17870184 in the Superior Court of the State of California, County of Alameda. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

3. On September 5, 2017, Mr. Cabrera filed a First Amended Complaint ("FAC") to add another named plaintiff, Enko Telahun, and to add a Private Attorneys General Act of 2004 ("PAGA") claim, in the Superior Court of the State of California, County of Alameda. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants is attached hereto as **Exhibit A**.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

5. On September 7, 2017, Mr. Cabrera and Mr. Telahun served Garfield Beach CVS, LLC.

6. On September 8, 2017, Mr. Cabrera and Mr. Telahun served CVS Rx Services, Inc. and CVS Pharmacy, Inc.

7. Removal is timely. No pleading, motion, order, or other paper shows that the case is one which is removable. Defendants have determined that the case is removable based on their own information. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, Defendants have removed within 30 days of service. *Cf.* 28 U.S.C. § 1446(b).

8. Plaintiff filed the state court action in the Superior Court of the State of California, County of Alameda. Thus, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), venue properly lies in the United States District Court for the Northern District of California, the district embracing Alameda County, California.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior

Court of the State of California, County of Alameda.

## THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

10. This Court has original subject matter over this action pursuant to 28 U.S.C. § 1332(d)(2) and (5), because this action involves more than 3,700 putative claimants, one or more members of the putative class defined by Plaintiff is a citizen of a state different from Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### The Proposed Class Contains At Least 100 Members

11. A review of Mr. Cabrera and Mr. Telahun's proposed class and CVS's records shows that the proposed class contains over 3,700 members. Plaintiffs bring this action "on behalf of themselves and all current or former employees of Defendants' who held a non-exempt hourly positions [sic] as pharmacists, pharmacy technicians, pharmacy managers, and pharmacy service associates . . . who worked at CVS locations throughout the state of California." (FAC ¶ 1). They allege that "all pharmacy employees in the state of California are subject to the same and/or similar policies, practices, and/or procedures" and, thus, Defendants subjected all non-exempt pharmacy employees to the same violations of the Labor Code and the Business and Professions Code. (FAC ¶ 23).

12. Defendants employed well over 3,700 persons in California as non-exempt pharmacists, pharmacy technicians, pharmacy managers, and/or pharmacy service associates within four years[2] of the filing of this action. As such, the putative class exceeds 3,700 persons.[3]

---

[2] The longest statute of limitations applicable to any of the claims Mr. Cabrera and Mr. Telahun assert is four years (applicable to their Unfair Business Practices Act claim, Count VIII). *Accord* Cal. Bus. & Prof. Code § 17208.

[3] Further, Mr. Cabrera and Mr. Telahun plead that the potential class is "so numerous that it is impractical to bring all Class Members before the Court." (FAC ¶ 57(c)).

## The Parties Are Diverse

13. Diversity between Mr. Cabrera, who is a member of the putative class defined in the FAC, and the properly named and joined Defendants, existed at the time Mr. Cabrera filed the Complaint and the FAC and continues to exist as of this removal.

14. Diversity between Mr. Telahun, who is a member of the putative class defined in the FAC, and the properly named and joined Defendants, existed at the time Mr. Telahun filed the FAC and continues to exist as of this removal.

15. Defendants' records show Mr. Cabrera's address as 139 Williams St., Apt. C, San Leandro, CA. Based on this information, Defendants believe that Mr. Cabrera was at the time he filed the Complaint and remains now a citizen of California.

16. Defendants' records show Mr. Telahun's address as 6850 Mission Gorge Rd, #1142, San Diego, CA. Based on this information, Defendants believe that Mr. Telahun was at the time he filed the FAC and remains now a citizen of California.

17. Each Defendant in this action is now and was at the time Mr. Cabrera filed the Complaint a citizen of a state other than California within the meaning of 28 U.S.C. § 1332.

18. CVS Rx Services, Inc. is now, and was at the time Mr. Cabrera filed the Complaint, a corporation organized under the laws of the State of New York, with its principal place of business in Woonsocket, Rhode Island. Thus, at all times relevant hereto, CVS Rx Services, Inc. has been a citizen of the States of New York and Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

19. CVS Pharmacy, Inc. is now, and was at the time Mr. Cabrera filed the Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. Thus, at all times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

20. Garfield Beach CVS, LLC is now, and was at the time Mr. Cabrera filed the

Complaint, a limited liability company organized under the laws of the State of California. For purposes of diversity jurisdiction, however, a limited liability company takes on the same citizenship as its owners/members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Garfield Beach CVS, LLC's sole member is CVS Pharmacy, Inc. As set forth above, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island. Accordingly, Garfield Beach CVS, LLC is also a citizen of the State of Rhode Island, and not a citizen of the State of California. *See Johnson*, 437 F.3d at 899.

21. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-100" named in the Complaint is therefore immaterial with respect to removal.

22. Because Mr. Cabrera and Mr. Telahun are, and were at the time Mr. Cabrera filed the Complaint, citizens of California; because CVS Rx Services, Inc. is, and was at the time Mr. Cabrera filed the Complaint, a citizen of Rhode Island and New York; because CVS Pharmacy, Inc. is, and was at the time Mr. Cabrera filed the Complaint, a citizen of Rhode Island; and because Garfield Beach CVS, LLC is, and was at the time Mr. Cabrera filed the Complaint, a citizen of Rhode Island, diversity of citizenship exists between the parties and existed at the time the Complaint was filed. *Accord* 28 U.S.C. § 1332(d)(2)(A).

**The Amount In Controversy Exceeds $5 Million**

23. The "amount in controversy" as a jurisdiction element concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for

the plaintiff on all claims made in the complaint.'" *Korn*, 536 F. Supp. 2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The amount in controversy includes potential general and special damages, and penalties, as well as attorney's fees if recoverable by statute or contract. *E.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); 28 U.S.C. § 1332(d).[4]

24. Though Defendants concede no liability on Mr. Cabrera and Mr. Telahun's claims, assuming that all of the allegations in the FAC are true and that Mr. Cabrera and Mr. Telahun will gain a full recovery on them, Mr. Cabrera and Mr. Telahun's putative class claims place in controversy a sum greater than $5,000,000.

25. The FAC asserts nine causes of action for: Failure to Pay Minimum Wage and Overtime Compensation in violation of Cal. Labor Code §§ 204, 510, 1194, 1197, 1197.1 and 1198 (Count I); Failure to Provide Legally Compliant Meal Periods in violation of Cal. Labor Code §§ 226.7 and 512 (Count II); Failure to Provide Legally Compliant Rest Periods in violation of Cal. Labor Code § 226.7 (Count III); Waiting Time Penalties pursuant to Cal. Labor Code §§ 201, 202 and 203 (Count IV); Inaccurate Wage Statement Claim pursuant to Cal. Labor Code §§ 226 and 226.3 (Count V); Failure to Maintain Accurate Records in violation of Cal. Labor Code §§ 226(a), 226.3 and 1174 (Count VI); Failure to Reimburse for Necessary Work Expenses in violation of Cal. Labor Code §§ 2800 and 2802 (Count VII); and violations of the California Unfair Business and Professions Code § 17200 *et seq.* (Count VIII). Mr. Cabrera and Mr.

---

[4] Defendants deny that they have any liability to Mr. Cabrera, Mr. Telahun, or to the putative classes Plaintiffs seek to represent, and deny that Mr. Cabrera, Mr. Telahun, or the putative class members are entitled to recover any of the relief requested in the Complaint or FAC. Defendants in no way concede by this removal that Mr. Cabrera's and Mr. Telahun's claims and the claims of the alleged putative classes may be certified for class treatment pursuant to Fed. R. Civ. P. 23.

Telahun pursue all Counts on behalf of the putative class.[5]

26. Mr. Cabrera and Mr. Telahun allege, among other things, that "all pharmacy employees in the state of California are subject to the same and/or similar policies, practices, and/or procedures" and that Defendants subjected all non-exempt employees to the same violations of the Labor Code and the Business and Professions Code. (FAC ¶ 23). Mr. Cabrera and Mr. Telahun further allege that Defendants' "policies, practices, and/or procedures have knowingly resulted in pharmacy employees not being compensated for some or all the time they were engaged in work" including "failure to pay minimum wages and overtime compensation . . . failure to provide legally compliant meal periods or compensation in lieu thereof . . . failure to provide legally compliant rest periods or compensation in lieu thereof . . . failure to pay wages owed . . . failure to furnish accurate itemized wage statements . . . failure to maintain accurate records . . . [and] failure to reimburse for necessary work expenses." (FAC ¶¶ 39, 163).

27. Mr. Cabrera and Mr. Telahun allege that their claims are "typical of the claims of the Class" (FAC ¶ 57(d)) and seek, among other things, compensatory damages, restitution, liquidated damages, penalties, and injunctive relief. (Prayers 9, 10, 12, 13). Mr. Cabrera and Mr. Telahun also seek class wide recovery of statutory attorney fees. (Prayer 14).

### A. Waiting Time Penalties, Count IV.

28. Mr. Cabrera and Mr. Telahun allege that they and putative class members are entitled to waiting-time penalties and seek "a maximum of 30 days' wages at their daily rate of pay." (FAC ¶ 111).

29. Cal. Labor Code §§ 201, 202 and 203 require timely payment of wages upon termination of employment (immediately for fired employees, and within 72 hours if an

---

[5] Mr. Cabrera and Mr. Telahun also seek to allege a PAGA claim (Count X). Cal. Labor Code § 2699 *et seq*. It is not clear whether Mr. Cabrera and Mr. Telahun pursue this claim on a class basis.

employee quits).

30. If an employer willfully violates these requirements, Cal. Labor Code § 203 states that the employer must pay a "penalty" to the employee of the employee's regular wage rate for each day the wages remain unpaid up to 30 days.

31. According to company records, Mr. Cabrera made $13.75 per hour at the time of the termination of his employment, and Mr. Telahun made $67.50 per hour at the time of the termination of his employment.

32. According to company records, over 890 individuals who fall within Mr. Cabrera and Mr. Telahun's class definitions are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203.

33. Thus, Mr. Cabrera and Mr. Telahun's waiting-time claim (Count V) alone puts well over $2,937,000 at issue. ($13.75 per hour * 8 hours per day * 30 days * 890 individuals).

### B. Wage Statement Claim, Count V.

34. Mr. Cabrera and Mr. Telahun allege they and putative class members are entitled to the greater of actual damages or a maximum of $4,000 in statutory damages for Defendants' alleged knowing and intentional failures to provide them with accurate and itemized wage statements. (FAC ¶ 121).

35. Statutory damages for inaccurate wage statements are imposed at a rate of $50.00 per pay period for the first violation, and $100.00 per pay period for each subsequent violation. Cal. Lab. Code § 226(e). There is a one-year statute of limitations for statutory damages, *see Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1025 (E.D. Cal. 2015). Thus, each class member would be entitled to $2,550 in statutory damages (26 bi-weekly pay periods per year; $50 * 1 + $100 * 25 = $2,550).

36. Accordingly, Mr. Cabrera and Mr. Telahun's wage statement claims puts $8,325,000 at issue ($2,250 * 3,700 individuals).

### C. Total Amount In Controversy.

37. In sum, assuming the truth of Mr. Cabrera and Mr. Telahun's allegations, and even looking at only two of their eight claims, the amount in controversy in this case far exceeds $5,000,000. Mr. Cabrera and Mr. Telahun's wage statement and waiting time claims alone put over $11 million at issue.

38. This amount does not include additional amounts for Mr. Cabrera and Mr. Telahun's alleged meal and rest break penalties, unpaid overtime, underpayment of wages due, reimbursement of business expenses owed, and attorney fees on behalf of the putative class.

39. Thus, it is abundantly clear that the amount in controversy threshold has been met.

40. The removal of this action to the Northern District of California does not waive Defendants' ability to assert any defense in this action. If a question arises regarding the propriety of removal, Defendants respectfully request the opportunity to present a brief and oral argument on this issue.

DATED: October 9, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Roger L. Scott
Tyler R. Andrews
Roger L. Scott
Attorneys for Defendants
CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC