# EXHIBIT A

# EXHIBIT A

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)



FILED
SOLO PARA USO DE LA CORTE
**ALAMEDA COUNTY**

AUG - 3 2017

CLERK OF THE SUPERIOR COURT

By _____

DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CVS RX Services, Inc.; CVS Pharmacy, Inc.; Garfield Beach CVS, LLC; and Does 1-10.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Sigfredo Cabrera, on behalf of himself and all others similarly situated.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| | |
|---|---|
| The name and address of the court is: Rene C. Davidson Courthouse<br>(El nombre y dirección de la corte es): 1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER<br>(Número del Caso): 17870184 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
R. Craig Clark (SBN 129219)/ Dawn M. Berry (SBN 292335)/ Monique R. Rodriguez (SBN 304223)
Clark Law Group, 205 West Date Street, San Diego, CA 92101; (619) 239-1321

DATE: AUG - 3 2017   Chad Finke  Clerk, by _____, Deputy
(Fecha)                        (Secretaria)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**20099770**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FILED |
|---|---|
| R. Craig Clark (SBN 129219)/Dawn M. Berry (SBN 292335)/Monique R. Rodriguez (SBN 304223) Clark Law Group - 205 West Date Street, San Diego, CA 92101 | ALAMEDA COUNTY |

TELEPHONE NO.: (619) 239-1321     FAX NO.: (888) 273-4554

AUG - 3 2017

ATTORNEY FOR *(Name):* Sigfredo Cabrera

CLERK OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

By _____ DEPUTY

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, 94612

BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Sigfredo Cabrera v. CVS RX Services, Inc.; CVS Pharmacy, Inc.; Garfield Beach CVS, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | RG17870184 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties     d. [✓] Large number of witnesses

b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

c. [✓] Substantial amount of documentary evidence     f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive

**4.** Number of causes of action *(specify):* 8; See Attachment

**5.** This case [✓] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 3, 2017

R. Craig Clark

_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A, Page 015

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sigfredo Cabrera v. CVS Rx Services, Inc. et al. | |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Attachment to Civil Case Cover Sheet

4. Number of causes of action (specify):

(1) Failure to pay minimum wages and overtime compensation;
(2) Failure to provide legally compliant meal periods or compensation in lieu thereof;
(3) Failure to provide legally compliant rest periods or compensation in lieu thereof;
(4) Failure to pay wages owed;
(5) Failure to furnish accurate itemized wage statements;
(6) Failure to maintain accurate records;
(7) Failure to reimburse for necessary work expenses;
(8) Unfair business practices.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

Exhibit A, Page 016

1 | R. Craig Clark (SBN 129219)
cclark@clarklawyers.com
2 | Dawn M. Berry (SBN 292335)
dberry@clarklawyers.com
3 | Monique R. Rodriguez (SBN 204223)
mrodriguez@clarklawyers.com
4 | **CLARK LAW GROUP**
205 West Date Street
· 5 | San Diego, CA 92101
Telephone: (619) 239-1321
6 | Facsimile:  (888) 273-4554

7 | Walter Haines (SBN 071075)
**UNITED EMPLOYEES LAW GROUP**
8 | 5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
9 | Telephone: (562) 256-1047
Facsimile:  (562) 256-4554
10 | *Attorneys for Plaintiff*

**FILED**
**ALAMEDA COUNTY**

AUG – 3 2017

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

11

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **IN AND FOR THE COUNTY OF ALAMEDA**

14

15 | SIGFREDO CABRERA, an individual, on
behalf of himself, and all other persons
16 | similarly situated,

CASE NO.: RG17870184

**CLASS ACTION**

17 | Plaintiff,

**COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE
RELIEF:**

18 | v.

19 |

20 | CVS RX SERVICES, INC., a New York
corporation, CVS PHARMACY, INC., a
Rhode Island corporation; GARFIELD
21 | BEACH CVS, LLC, a California limited
liability company; and DOES 1 to 10
22 | inclusive,

**(1) FAILURE TO PAY MINIMUM WAGES
AND OVERTIME COMPENSATION
(Labor Code §§ 204, 510, 1194, 1197,
1197.1, and 1198);**

**(2) FAILURE TO PROVIDE LEGALLY
COMPLIANT MEAL PERIODS OR
COMPENSATION IN LIEU THEREOF
(Labor Code §§ 226.7 and 512);**

23 | Defendants.

**(3) FAILURE TO PROVIDE LEGALLY
COMPLIANT REST PERIODS OR
COMPENSATION IN LIEU THEREOF
(Labor Code § 226.7);**

24 |

25 |

26 | **(4) FAILURE TO PAY WAGES OWED
(Labor Code §§ 201, 202, and 203);**

27 |

28 | **(5) FAILURE TO FURNISH ACCURATE
ITEMIZED WAGE STATEMENTS**

1
COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Exhibit A, Page 017

(Labor Code § 226);

**(6) FAILURE TO MAINTAIN ACCURATE RECORDS**
(Labor Code §§ 226(a) and 1174);

**(7) FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES**
(Labor Code §§ 2800 and 2802);

**(8) UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code § 17200 et. seq.).

**DEMAND FOR JURY TRIAL**

Plaintiff Sigfredo Cabrera ("Plaintiff"), by and through his attorneys of record, brings this action on behalf of himself and all persons similarly situated, against Defendants CVS RX Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC (collectively "Defendants" or "CVS"), on the following grounds:

## INTRODUCTION

1.      This action is brought by Plaintiff on behalf of all current or former employees of Defendants who held a non-exempt, hourly positions as pharmacists, pharmacy technicians, pharmacy managers, and pharmacy service associates (collectively "pharmacy employees") in the pharmacy department of a CVS location in the State of California, who were not properly compensated for all hours worked, who were not provided with legally compliant meal and rest periods, who were not paid all wages owed upon termination of the employment relationship, who were provided with inaccurate wage statements, who were not reimbursed for necessary work expenses, who were subject to Defendants' unlawful, unfair, and fraudulent business practices, and whose information was not properly maintained by Defendants.

2.      Plaintiff seeks damages, injunctive relief, and restitution, as well as reasonable attorneys' fees and litigation costs, as provided under California law.

3.      All allegations in this Complaint are based upon information and belief, except those allegations that pertain to Plaintiff named herein and his counsel, which are

2

Exhibit A, Page 018

based upon personal knowledge. Each allegation in this Complaint has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("Code Civ. Proc.") § 410.10.  Pursuant to Code Civ. Proc. § 382 and California Business and Professions Code ("Bus. & Prof. Code") § 17203, Plaintiff brings this action on behalf of himself, and on behalf of all persons within the Class, as defined below.

5.     This Court has personal jurisdiction over Defendants because Defendants are doing business in the State of California and have caused injuries in the county of Alameda and throughout the State of California through their acts and omissions, and by their violations of the California Labor Code ("Labor Code") and Bus. & Prof. Code.

6.     Venue as to Defendants is proper in this judicial district, pursuant to Code Civ. Proc. § 395(a).  Defendants transact business and maintain offices in Alameda County and are otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the county of Alameda and the State of California.

7.     Pursuant to Rule 3.400 of the California Rules of Court this case shall be deemed a complex action because it is filed as a class action and involves specialized case management, extensive discovery and evidence, difficult and/or novel issues, and is likely to require extensive post judgment supervision.

## CLASS DEFINITION

8.     The proposed class and/or classes consists of all current or former non-exempt employees of Defendants who were employed as pharmacists, pharmacy managers, pharmacy technicians, and/or pharmacy service associates in a CVS Pharmacy in the State of California, who were not paid for all time spent participating in CVS mandated training, who were not paid for all time worked "off the clock," who were not provided with legally

3
COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  compliant meal and rest periods, who were not paid all wages owed upon termination of
2  employment, who were provided with inaccurate and incomplete wage statements, who
3  were not reimbursed for necessary work expenses, who were subject to Defendants'
4  unlawful, unfair, and fraudulent business practices, and whose information was not
5  properly maintained by Defendants during the period commencing on the date that is
6  within four years prior to the filing of this Complaint and through the present date
7  (hereinafter the "Class Period").  To the extent that equitable tolling operates to toll the
8  claims by the Class against Defendants, the Class Period should be adjusted accordingly.

9      9.    Members of the class and/or classes are all "employees" as the term is used in
10  the Labor Code and the California Industrial Welfare Commission's (hereinafter "IWC")
11  Wage Orders regulating wages, hours, and working conditions in the State of California.

12      10.    A more precise definition of the class and/or classes may be determined after
13  further investigation and discovery is conducted.

14      11.    Plaintiff reserves his right to redefine the class and/or classes at any time
15  prior to the filing of his Motion for Class Certification.

16                          **THE PARTIES**

17      12.    Plaintiff Sigfredo Cabrera, at all material times mentioned herein:

18      a)    Was employed by CVS from January 2016 to January 2017 as a non-
19            exempt pharmacy service associate and a non-exempt pharmacy
20            technician;

21      b)    Worked at multiple CVS pharmacy locations in Oakland, San Leandro
22            and Palo Alto, California;

23      c)    Was paid an hourly wage;

24      d)    Was mandated by CVS to complete various training modules;

25      e)    Was not paid for all his time spent completing the required training
26            modules;

27      f)    Was directed by CVS to work off the clock to meet the needs of the
28            pharmacy;

4
COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

g)    Was not paid for all his time spent working off;

h)    Was not provided with legally compliant meal periods or compensation in lieu thereof;

i)    Was not provided with legally compliant rest periods or compensation in lieu thereof;

j)    Was not paid all wages owed upon termination of the employment relationship;

k)    Was provided with inaccurate and incomplete wage statements;

l)    Was not reimbursed for necessary work expenses;

m)    Was subject to CVS' unlawful, unfair, and fraudulent business practices;

n)    Believes his payroll records are inaccurate and not properly maintained by Defendants.

13.    Defendant CVS RX Services, Inc., is a New York corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services throughout the United States and the State of California.

14.    Defendant CVS Pharmacy, Inc., is a Rhode Island corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services and operating retail stores that sell pharmaceuticals and general merchandise throughout the United States and the State of California.

15.    Defendant Garfield Beach CVS, LLC, is a California limited liability company, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of operating drug and proprietary stores throughout the State of California.

16.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code Civ. Proc. § 474.  Plaintiff will amend his complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

5

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

17.    At all times mentioned herein, each defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter ego and/or in furtherance of the joint venture.

18.    At all times mentioned herein, the acts and omissions of each of the defendants concurrently contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the wrongful conduct, harm, and damages alleged herein.  Each of the defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained herein. Each defendant and all doe defendants were and are acting with the authority of each and every other defendant and are acting as agents of each and every other defendant or doe defendant.

## FACTUAL ALLEGATIONS

19.    Plaintiff Cabrera was employed by CVS from January 2016 to January 2017. During his employment, he worked at stores in Oakland, San Leandro, and Palo Alto, California. Plaintiff Cabrera worked as both a pharmacy service associate and a pharmacy technician and was paid an hourly wage.

20.    Plaintiff asserts that CVS employs individuals as non-exempt pharmacists, pharmacy managers, pharmacy technicians, and pharmacy service associates at its various CVS pharmacy locations throughout the State of California. To his knowledge pharmacy employees are paid on an hourly basis.

21.    Plaintiff alleges, based on information and belief, that all pharmacy employees in the State of California are subject to the same policies, practices, and/or procedures described herein.

22.    As a policy, practice, and/or procedure CVS sets an amount of work hours based on prescription volume from the previous year for each store and/or pharmacy department.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

23.     As a policy, practice, and/or procedure CVS instructs its store managers and/or pharmacy managers to not to go over the set work hours for the store and/or pharmacy department.

24.     Upon hire CVS requires all pharmacy employees to complete an extensive, initial training session. As a policy, practice and/or procedure CVS also requires pharmacy employees to complete ongoing training sessions, which are offered about once a month. To Plaintiff's knowledge these training sessions are not essential for any state certification, licensing, or regulation.

25.     As a policy, practice and/or procedure CVS routinely sends notices via email to pharmacy employees when an upcoming training session is required and available for completion. The notices provide information about an upcoming training module, a time estimate for completion, and a due date. CVS also sends out reminder notices, as a policy, practice and/or procedure, to pharmacy employees who have yet to complete the training by the upcoming due date.

26.     Based on information and belief, Plaintiff alleges thereon that failure to complete the training in a timely fashion may result in disciplinary action, including but not limited to a reduction in the number of work hours.

27.     As a policy, practice and/or procedure CVS training modules are typically completed on a CVS web-based training system. The web-based system keeps record of log-in and log-out times, as well as the time the pharmacy employee spent completing each module.

28.     As a policy, practice and/or procedure CVS purportedly permits pharmacy employees to complete their training while clocked in during a scheduled shift.  However, due to CVS' staffing policies, practices, and/or procedures, and the busy nature of the pharmacy, Plaintiff alleges that he and other pharmacy employees typically do not have time to complete the required trainings during their scheduled shifts.

29.     As a policy, practice and/or procedure to ensure that pharmacy employees complete their training, CVS provides all pharmacy employees with remote access log-in

7

Exhibit A, Page 023

1  credentials so that they may access the web based training system from a remote location,

2  such as the employee's home.

3        30.     As a policy, practice, and/or procedure CVS assigns an approximate time

4  frame that each training module should be completed in.  However, the trainings often take

5  Plaintiff and other pharmacy employees more time to complete than the time allotted.

6        31.     Even though CVS knows or should know that training takes more time than

7  allotted, it has a policy, procedure, and/or practice of instructing store managers and/or

8  pharmacy managers to compensate pharmacy employees for the allocated training time

9  instead of the actual time the pharmacy employees spend completing the training.

10        32.     As a policy, procedure and/or practice CVS typically uses its store cash

11  registers to operate as the CVS timekeeping system.  Based on information and belief

12  Plaintiff alleges thereon, that CVS training system is not integrated with the timekeeping

13  system. CVS does not keep track of training time or automatically add the training time to

14  the pharmacy employees' clocked hours at their work locations.  As a result, all training

15  completed off the clock must be entered manually by a store manager, despite the fact that

16  the remote access log-in and log-out times are available to CVS through the training

17  software.

18        33.     As a policy, procedure, and/or practice, CVS instructs pharmacy employees

19  to separately track their time spent engaging in training on a separate sheet of paper that

20  allegedly is to be manually entered by a store manager. However, pharmacy employees

21  often endure difficulties with management when reporting their training time due to the

22  direction and pressure by CVS to minimize labor costs. CVS's scheme has created a

23  disincentive for store managers and/or pharmacy managers to manually enter the actual

24  time pharmacy employees spent completing training remotely. Ultimately the scheme has

25  deterred pharmacy employees from reporting their actual time spent participating in

26  training. Therefore much, if not all, of the time pharmacy employees spend remotely

27  completing the required training is never logged by CVS and the employees are not paid

28  for that time.

34.     CVS is aware or should be aware of their failure to compensate pharmacy employees because they have payroll records for all pharmacy employees, as well as training records for all pharmacy employees. From such records, CVS has the capability to determine whether or not a pharmacy employee is appropriately compensated for their time spent participating in the mandated training.

35.     Plaintiff further alleges that due CVS' policy, practice and/or procedure of strictly allocating work hours based on prescription volume from the previous year and the busy nature of the pharmacy, he and other pharmacy employees were often directed to work off the clock before and after their scheduled shifts to meet the needs of the pharmacy. As a result, pharmacy employees often worked more than eight (8) hours in a day, and/or forty (40) hours in a week.

36.     Plaintiff alleges that it was CVS' policy, practice, and/or procedure to discipline pharmacy employees for refusing to work off the clock, such as by reducing the employee's work hours.

37.     CVS' policies, practices, and/or procedures have knowingly resulted in pharmacy employees not being compensated for some or all the time they were engaged in work.

38.     Plaintiff further alleges that as a policy, practice, and/or procedure CVS required pharmacy employees to clock out for meal periods, even though pharmacy employees were working through their meal periods to meet the needs of the pharmacy.

39.     Plaintiff contends that CVS knew or should have known that pharmacy employees were working through their meal periods because (a) various managers, supervisors, and personnel saw pharmacy employees eating and working during their meal periods, (b) the work accomplished could not have been completed within the documented number of hours, and (c) Plaintiff personally complained to his superiors about not receiving adequate meal periods.

40.     Plaintiff further alleges that he and other current or former pharmacy employees did not receive a second meal period when they worked more than ten (10)

9

Exhibit A, Page 025

1  hours.  This was largely due to the fact that Plaintiff and other pharmacy employees were

2  working off the clock as described herein.

3      41.    Plaintiff and other current or former pharmacy employees were not

4  compensated for noncompliant meal periods as provided by California law.

5      42.    As a policy, practice, and/or procedure CVS did not provide Plaintiff and

6  other current or former employees with lawful rest periods, despite its written policy due

7  to the busy nature of the pharmacy and the pressure of CVS to meet its goals.

8      43.    Plaintiff and other current or former employees were not compensated for

9  noncompliant rest periods in violation of California law.

10     44.    CVS also has a policy, practice, and/or procedure of failing to reimburse

11 and/or indemnify Plaintiff and other current or former pharmacy employees for expenses

12 incurred as a direct result of their employment, such as the use of personal computers and

13 internet to complete the mandatory training from a remote location, even though CVS

14 knew and/or had reason to know that pharmacy employees were completing the training

15 from their personal computers and using their own internet without reimbursement.

16     45.    Additionally, CVS has a policy, practice, and/or procedure of failing to

17 reimburse and/or indemnify Plaintiff and other current or pharmacy employees for the

18 costs of their required license, background check, and travel, which were required by CVS.

19 Thus, CVS knew or had reason to know that pharmacy employees were not being

20 reimbursed for their required work related expenses.

21     46.    Since, CVS failed to pay Plaintiff and other current or former employees for

22 all time worked, as well as premiums for noncompliant meal and rest periods, CVS

23 willfully failed to pay, in a timely manner, all wages owed to Plaintiff and other former

24 employees upon termination of their employment.

25     47.    Due to CVS' policies, practices, and procedures described herein, CVS failed

26 to provide accurate itemized wage statements to Plaintiff and other current or former

27 pharmacy employees in violation of California law.

28

48.    Because of CVS' policies, practices, and procedures, described herein, CVS also failed to maintain accurate records as required by California law.

49.    Plaintiff believes that other violations may be discovered and reserves his right to allege additional violations of law that may constitute violations of the Business and Professions Code and/or Labor Code, as investigation and discovery warrants. In the event, Plaintiff discovers other violations through the discovery process, Plaintiff will seek to amend his Complaint.

## CLASS ALLEGATIONS

50.    Plaintiff brings this action on behalf of himself and on behalf of all persons within the defined class and/or classes.

51.    This class action meets the statutory prerequisites for the maintenance of a class action, as set forth in Code Civ. Proc. § 382 and Civ. Code § 1781, in that:

(a)    The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class, and as a practical matter be dispositive of the interests of the other members not party to the adjudication;

(c)    The parties opposing the Class have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole; and

(d)    Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

11

COMPLAINT FOR DAMAGES. RESTITUTION AND INJUNCTIVE RELIEF

i.   The interests of Class Members in individually controlling the prosecution or defense of a separate actions;

ii.   The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

iii.   The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

iv.   The difficulties likely to be encountered in the management of a class action.

52.   The Court should permit this action to be maintained as a class action pursuant to Code Civ. Proc. § 382 and Civ. Code § 1781 because:

(a)   Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

(b)   A class action is superior to any other available method for the fair and efficient adjudication of Class Members' claims;

(c)   The members of the Class are so numerous that it is impractical to bring all Class Members before the Court;

(d)   Plaintiff's claims are typical of the claims of the Class;

(e)   Plaintiff and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(f)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendants' actions have inflicted upon the Class;

(g)   Plaintiff can, and will, fairly and adequately protect the interest of the Class;

12

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Exhibit A, Page 028

(h)     There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of the Class for the injuries sustained; and

(i)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

## FAILURE TO PAY MINIMUM WAGES AND OVERTIME COMPENSATION

**[Labor Code §§ 204, 510, 1194, and 1197, 1197.1, and 1198]**

53.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

54.     Plaintiff alleges that CVS willfully and intentionally violated the Labor Code by failing to adequately compensate Plaintiff and other current or former pharmacy employees for all hours worked.

55.     Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

56.     Section 1197 of the Labor Code provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

57.     Pursuant to California law, an employer must pay each employee "not less than the applicable minimum wage for all hours worked in the payroll period, whether the remunerations is measured by time, piece, commission, or otherwise." (*Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 44.)

58.     Labor Code § 510(a) provides:

Eight hours of labor constitutes a day's work. <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours worked

13

Exhibit A, Page 029

on the seventh day of work in any one workweeks shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

59.    An employee may not waive his or her right to overtime compensation and any agreement by the employee to accept less than the statutorily required rate is unenforceable as a matter of law. (*See Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.)

60.    Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61.    Labor Code § 558(a) further provides:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

62.    As a policy, practice, and/or procedure CVS requires all pharmacy employees to participate in regular training. CVS allegedly permits pharmacy employees to complete

14

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1   their training during scheduled shifts or from a remote location by using provided log-in

2   credentials. However, when training is completed off-the-clock, the pharmacy employee's

3   time is not automatically recorded. CVS management must manually enter any training

4   time completed off-the-clock.

5         63.    CVS has a policy, practice, and/or procedure of instructing and/or requiring

6   store managers and/or pharmacy managers to only compensate pharmacy employees for

7   the estimated time for completion of training instead of the actual time spent completing

8   the training. Since, CVS requires store managers and/or pharmacy managers to limit their

9   labor costs, CVS' policies, practices, and/or procedures serve as a disincentive for store

10   managers and/or pharmacy managers to properly compensate pharmacy employees for

11   their training time.  As a result, pharmacy employees are not compensated the legal

12   minimum wage for all or some of the training time that occurs off-the-clock, and/or at the

13   applicable rate of overtime.

14         64.    As described herein, CVS has a policy, practice, and/or procedure of limiting

15   the number of available work hours, based on performance from the prior year. CVS

16   instructs its store managers and/or pharmacy managers to not go over the set amount of

17   available work hours. As a result, pharmacy employees were often instructed and expected

18   to work off the clock before and after their scheduled shifts to meet the needs of the

19   pharmacy. If a pharmacy employee refused to work off the clock, the pharmacy employee

20   was often disciplined by having his or her hours cut.

21         65.    CVS has intentionally created a common scheme to deter pharmacy

22   employees from reporting and being paid for all hours worked.

23         66.    At all relevant times, Plaintiff and other current or former pharmacy

24   employees worked more than eight (8) hours in a single workday and/or more than fourty

25   (40) hours in a workweek due CVS' mandatory training requirements and limited staffing

26   practice. CVS knowingly failed to compensate pharmacy employees for all hours worked,

27   and/or the applicable overtime in violation of the Labor Code.

28

15

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

67.   By virtue of CVS' unlawful failure to compensate Plaintiff and current or former pharmacy employees for their time worked, pharmacy employees have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

68.   Having received less than the legal minimum wage and/or applicable rate of overtime compensation, Plaintiff and other current or former pharmacy employees now seek to recover all wages owed, penalties, including penalties available pursuant to Labor Code § 558, as well as interest, reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

69.   Plaintiff, on behalf of himself and other current or former pharmacy employees, also requests further relief as described in the below prayer.

## SECOND CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS

### OR COMPENSATION IN LIEU THEREOF

**[Labor Code §§ 226.7 and 512]**

70.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

71.   Labor Code § 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

16

Exhibit A - Page 032

72.     In pertinent part, Labor Code § 226.7(c) provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

73.     Under California law, the meal period requirement is generally satisfied if the employee: (a) has at least 30 minutes uninterrupted; (b) is free to leave the premises; and (c) is relieved of all duty for the entire period. (*See Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036 [citing DLSE Opn. Letter No. 1996.07.12 (July 12, 1996) p.1].)

74.     At all relevant times, Plaintiff and other current or former pharmacy employees were typically scheduled to work an eight (8) hour day.

75.     Plaintiff alleges that he and other current or former pharmacy employees typically did not receive legally compliant meal periods.

76.     Plaintiff alleges that he and other current or former employees were directed to work through their meal periods to meet the needs of the pharmacy.

77.     Meal periods that are not free from all duty and/or are less than thirty (30) minutes violate California law.

78.     Plaintiff believes CVS knew or should have known that Plaintiff and other current or former pharmacy employees were not receiving legally compliant meal periods because (a) various managers, supervisors, and personal saw pharmacy employees eating and working during their meal periods; (b) the work accomplished could not have been completed in the number of documented hours; and (c) Plaintiff complained to his superiors about not receiving legally compliant meal periods.

79.     Plaintiff further alleges that he and other current or former pharmacy employees did not receive a second meal period when they worked more than ten (10)

17

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  hours.  Plaintiff contends that this largely resulted when pharmacy employees worked off

2  the clock, as described herein.

3      80.    · CVS failed to pay Plaintiff and other current or former pharmacy employees

4  the required premium wage for each noncompliant meal· periods, as required by California

5  law.

6      81.    Due to CVS' unlawful conduct, Plaintiff and other current or former

7  pharmacy employees suffered, and will continue to suffer, damages in an amount which is

8  presently unknown, but·which exceeds the jurisdictional limits of this Court and which

9  will be ascertained according to proof at trial..

10     82.    Pursuant to Labor Code § 226.7(c) and the relevant IWC Wage Order,

11  Plaintiff and other current or former pharmacy employees are entitled to, and seek to,

12  recover the full amount of unpaid premium wages for noncompliant meal periods.

13     83.    · Pursuant to Labor Code § 218.6 Plaintiff and other current or former

14  pharmacy employees are entitled to, and seek to, recover prejudgment interest on the

15  amount of premium wage owed.

16     84.    Plaintiff and other current or former pharmacy employees are entitled to, and

17  seek to, recover reasonable attorneys' fees as permitted by Labor Code § 218.5.

18     85.    Plaintiff, on behalf of himself and other current or former pharmacy

19  employees, requests further relief as described in the below prayer.

20                        **THIRD CAUSE OF ACTION**

21  **(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

22         **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS**

23                  **OR COMPENSATION IN LIEU THEREOF**

24                        **[Labor Code § 226.7]**

25     86.    Plaintiff realleges and incorporates by this reference, as though fully set forth

26  therein, all paragraphs of this Complaint.

27     87.    In pertinent part, Labor Code § 226.7 provides:

28

                                18

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Divisor of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

88.     At all relevant times, Plaintiff and other current or former pharmacy employees were typically scheduled to work an eight (8) hour work day.

89.     Plaintiff alleges that he and other current or former pharmacy employees regularly did not receive off-duty rest periods despite CVS' written policy because of busy nature of the pharmacy and the pressure by CVS to meet the stores goals.

90.     CVS did not compensate Plaintiff and other current or former pharmacy employees the required premium wage for each noncompliant rest periods, as required by California law.

91.     Plaintiff asserts CVS knew or should have known that Plaintiff and other current or former pharmacy employees were not receiving adequate rest periods due to the busy nature of the pharmacy, production, and staffing.

92.     As a result of CVS' unlawful conduct, Plaintiff and other current or former pharmacy employees suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

93.     According to Labor Code § 226.7(c) and the relevant IWC wage order, Plaintiff and other current or former pharmacy employees are entitled to, and seek to, recover the full amount of unpaid premium wages for noncompliant rest periods.

94.     Pursuant to Labor Code § 218.6, Plaintiff and other current or former pharmacy employees are entitled to, and seek to, recovery prejudgment interest on the amount of premium wages owed.

95.     Plaintiff and other current or former pharmacy employees are entitled to, and seek to, recover reasonable attorneys' fees and costs as permitted by Labor Code § 218.5.

96.     Plaintiff, on behalf of himself and other current or former pharmacy employees, requests further relief as described in the prayer below.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

## FAILURE TO PAY WAGES OWED

**[Labor Code §§ 201, 202, and 203]**

97.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

98.     The term "wages" is defined in Labor Code § 200(a) to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time... or other method of calculation.  Subsection (b) further defines "labor" to include all "labor, work or service whether rendered or performed under contract, subcontract, partnership..."

99.     Labor Code § 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

100.    According to Labor Code § 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment with 72 hours of the notice of quitting.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

101.    Labor Code § 203 further provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

102.    CVS' common scheme of limiting work hours and mandating training knowingly prevented pharmacy employees from being compensated for all time worked.

103.    A number of pharmacy employees, including Plaintiff, are no longer employed by CVS. To date, CVS has yet to pay the wages owed to them as required under California law.

104.    As a consequence of CVS' willful and deliberate refusal to tender such wages, affected pharmacy employees are entitled to a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty pursuant to Labor Code § 203.

105.    Plaintiff, on behalf of himself and other pharmacy employees, also requests further relief as described in the below prayer.

## FIFTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### [Labor Code § 226]

106.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

107.    Labor Code § 226 states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

1   each period and the corresponding number of hours worked at each hourly rate by the employee..."

2   108.   Labor Code § 226(e)(1) further provides:

3   An employee suffering injury as a result of knowing and
4   intentional failure by an employer to comply with subdivision
    (a) is entitled to recover the greater of all actual damages or
5   fifty dollars ($50) for the initial pay period in which a violation
    occurs and one hundred dollars ($100) per employee for each
6   violation in a subsequent pay period, not to exceed an aggregate
    penalty of four thousand ($4,000), and is entitled to an award of
7   costs and reasonable attorneys' fees.

8   109.   Labor Code § 266(h) states "an employee may also bring an action for

9   injunctive relief to ensure compliance with this section, and is entitled to an award of costs

10  and reasonable attorneys' fees."

11  110.   An injury occurs where the employer fails to provide accurate information

12  and the employee cannot "promptly and easily determine" the total number of hours

13  worked or the "applicable hourly rates in effect during the pay period and the

14  corresponding number of hours worked at each hourly rate." (Lab. Code § 226(a)(9)-

15  (e)(2)(B)(i).)

16  111.   Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily

17  determine" means that "a reasonable person would be able to readily ascertain the

18  information without reference to documents or information."

19  112.   CVS' conflicting policies, practices, and procedures related to training,

20  staffing, and payroll records has resulted in wage statements which do not accurately

21  reflect the gross and/or net wages earned since, CVS has not paid pharmacy employees for

22  all time worked. Additionally, the wage statements and subsequent records do not

23  accurately reflect all time worked, since off the clock time was not properly tracked and/or

24  entered into the payroll system.  Thus, the total hours worked listed on the wage

25  statements are inaccurate. The wage statements also do not properly reflect premium

26  payments received for noncompliant meal and rest periods. As a result, Plaintiff and other

27  current or former pharmacy employees were unable to readily ascertain from their wage

28  statements whether they were properly compensated.

1      113.   Pursuant to California Law, Plaintiff and other current or former pharmacy

2  employees are deemed to have suffered injury as a result of CVS' knowing and intentional

3  failure to provide them with accurate itemized wage statements.

4      114.   Under Labor Code § 226(e), Plaintiff and other current or former pharmacy

5  employees are entitled to recover liquidated damages in the amount of $50.00 for the

6  initial violation and $100.00 for each subsequent violation per employee, not to exceed

7  $4,000.00.

8      115.   Additionally, pursuant to Labor Code § 226(h), Plaintiff and other current or

9  former pharmacy employees are entitled to, and do seek, injunctive relief to ensure that

10  CVS complies with Labor Code § 266.

11      116.   Plaintiff and other current or former pharmacy employees are entitled to, and

12  seek, attorneys' fees and costs provided by Labor Code § 266(h).

13      117.   Plaintiff, on behalf of himself and other current or former pharmacy

14  employees, also requests further relief as described in the below prayer.

15 **SIXTH CAUSE OF ACTION**

16 **(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

17 **FAILURE TO MAINTAIN ACCURATE RECORDS**

18 **[Labor Code §§ 226(a) and 1174]**

19      118.   Plaintiff realleges and incorporates by this reference, as though fully set forth

20  herein, all paragraphs of this Complaint.

21      119.   In pertinent part Labor Code § 226(a) states "a copy of the statement and the

22  record of deductions shall be kept on file by the employer for at least three years…"

23      120.   Labor Code § 1174(d) states:

24        "[e]very person employing labor in this state shall keep, at a
central location in the state or at the plants or establishments at
25        which employees are employed, payroll records showing the
hours worked daily by and the wages paid to, and the number of
26        piece-rate units earned by and any applicable piece rate paid to,
employees employed at the respective plants or establishments.
27        These records shall be kept in accordance with rules established
for this purpose by commission, but in case shall be kept on file
28        for not less than three years. An employer shall not prohibit an

employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

121.   Plaintiff alleges that CVS intentionally and willfully failed to maintain accurate payroll records showing the number of hours worked each day by Plaintiff and other current or former pharmacy employees, including the time spent engaged in training and off the clock work, because CVS knew or should have known that pharmacy employees were working off the clock as described herein.

122.   As a result of CVS' deliberate and unlawful conduct, Plaintiff and other current or former pharmacy employees suffered, and continue to suffer, injuries and damages, because CVS has failed to abide by the requirements outlined in the Labor Code.

123.   More specifically, Plaintiff and other current or former pharmacy employees have been injured because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records.

124.   Plaintiff and other current or former pharmacy employees are entitled to, and do seek the damages outlined by Labor Code § 226.7(e)(1).

125.   Plaintiff, on behalf of himself and other current or former pharmacy employees, also requests further relief as described in the below prayer.

## SEVENTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES

### [Labor Code §§ 2800 and 2802]

126.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

127.   Pursuant to Labor Code §§ 2800 and 2802, an employer must reimburse employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

128.    Plaintiff and other current and former pharmacy employees incurred necessary business-related expenses and costs, such as use of a personal computer or device, use of internet, licensing, background check, and travel.

129.    CVS has intentionally and willfully failed to reimburse Plaintiff and other current or former pharmacy employees for all necessary business-related expenses and costs, even though CVS knew or had reason to know that employees were using their personal computers/devices and internet for work related activities. CVS also knew or had reason to know that pharmacy employees were paying for the cost of their license, background checks, and travel, because they were requirements imposed by CVS.

130.    Plaintiff and other current or former pharmacy employees are entitled to recover, and seek to recover, from CVS, their business-related expenses and costs incurred during the course and scope of their employment, in addition to interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

131.    Plaintiff, on behalf of himself and other current or former pharmacy employees, also requests further relief as described in the below prayer.

### EIGHTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### UNFAIR BUSINESS PRACTICES

**[Bus. & Prof. Code § 17200 et seq.]**

132.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

133.    As codified in Bus. & Prof. Code § 17200 et seq., California's Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or practice."

134.    The UCL permits a cause of action to be brought if a practice violates some other law.  In effect, the "unlawful" prong of the UCL makes a violation of the underlying law a per se violation of Bus. & Prof. Code § 17200. (*Cel-Tech Commc'ns, Inc. v. Los*

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  *Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180.) Virtually any law or regulation –

2  federal or state, statutory, or common law – can serve as a predicate for a § 17200

3  "unlawful" violation.  (*See Farmers Ins. Exch. v. Superior Court (People)* (1992) 2 Cal.4th

4  377, 383.)

5     135.   Under the UCL, a practice may be "unfair" even if some other law does not

6  specifically proscribe it.  (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th

7  1134, 1143 [internal citations omitted].) Pursuant to the California Supreme Court, the

8  "unfair" standard is intentionally broad to allow courts maximum discretion is prohibiting

9  new schemes to defraud.  (*Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180-181.)

10     136.   A business act or practice is deemed "fraudulent" under Bus. & Prof. Code §

11  17200 where "members of the public are likely to be deceived." (*Blakemore v. Superior*

12  *Court,* (2005) 129 Cal.App.4th 36, 49.) A showing of actual deception, reasonable

13  reliance, or damages is not required. (*Id.*) The fraudulent prong may be used to attack the

14  deceptive manner in which otherwise lawful contract terms are presented to an individual.

15  (*See Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253.)  As such, even a

16  true statement may be unlawful under § 17200 if it is "couched in such a manner that is

17  likely to mislead or deceive…, such as by failing to disclose other relevant information."

18  (*Id.*)

19     137.   As discussed in the preceding paragraphs, CVS' business practices violate all

20  three prongs of California's UCL.

21  <u>Unlawful</u>:

22     138.   As described herein, CVS violated the Labor Code by refusing to properly

23  compensate pharmacy employees for all time worked.  Failure to compensate employees

24  for all time worked is a clear violation of California law, and thus a per se violation of the

25  UCL. (*See Cel-Tech Comm'cns, Inc. v. Los Angeles Cellular Tel. Co., supra*, 20 Cal.4th at

26  180.) Additionally, CVS failed to compensate pharmacy employees for non-compliant

27  meal and rest periods as provided by California law. CVS' failure to promptly pay wages

28  owed upon termination, failure to furnish accurate wage statements, failure to reimburse

1  for necessary business expenses, as well as failing to maintain accurate records are

2  violations of California law. CVS has therefore engaged in unlawful business practices

3  pursuant to Bus. & Prof. Code § 17200.

4  Unfair:

5    139.   CVS' practice of minimizing available work hours and staff, as well as

6  requiring pharmacy employees to work off the clock is an inherently unfair practice

7  because it knowingly prohibits pharmacy employees from being compensated for all hours

8  worked.

9    140.   CVS' practice of failing to provide off duty meal and rest periods is an unfair

10  practice because it knowingly strips pharmacy employees of the rights afforded to them by

11  the Labor Code.

12    141.   CVS' practice of failing to pay prompt wages upon termination, failing to

13  provide itemized and accurate wage statements, and failing to reimburse for necessary

14  business expenses is also unfair practice because it is contrary the Labor Code, as well as

15  unethical.

16  Fraudulent:

17    142.   CVS' practice of providing Plaintiff and pharmacy employees with

18  inaccurate and incomplete wage statements is not only unlawful, but constitutes a

19  fraudulent business practice under the UCL. This is particularly true as Plaintiff and other

20  pharmacy employees are likely to be, and actually are deceived as to their earned wages

21  because they are unable to determine from their wage statements whether or not they were

22  paid for all work performed.

23    143.   CVS' practice of failing to maintain accurate records is also a fraudulent

24  business practice because the lack of records intentionally misleads Plaintiff and other

25  pharmacy employees of their total hours worked and total wages earned among other

26  things.

27

28

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

144.   As a direct and proximate result of CVS' unlawful, unfair, and fraudulent business practices, Plaintiff and other current or former pharmacy employees have suffered injury-in-fact and have lost wages rightfully owed to them.

145.   Through their unlawful, unfair, and fraudulent conduct, CVS has been unjustly enriched by receiving and continuing to receive benefits and profits at the expense of pharmacy employees.  Therefore, pursuant to Bus. & Prof. Code § 17200, CVS should be enjoined from this activity and made to disgorge all ill-gotten gains and restore Plaintiff and other current or former pharmacy employees the wages wrongfully withheld from them.

146.   Moreover, the unlawful, unfair, and fraudulent conduct alleged herein has continued, and there is no indication that CVS will refrain from such activity in the future. This is especially true since CVS has purposefully created an atmosphere that deters the accurate reporting of work time. Plaintiff believes and alleges that if CVS is not enjoined from the conduct described herein, they will continue to violate California law at the expense of its pharmacy employees.  Accordingly, Plaintiff requests that the Court issue a preliminary and permanent injunction.

147.   Plaintiff, on behalf of himself and other current or former pharmacy employees, also requests further relief as described in the below prayer.

## ANTICIPATED LEGAL CLAIM

148.   On June 22, 2016, Plaintiff submitted notice to the California Labor and Workforce Development Agency ("LWDA") and CVS informing them of CVS' alleged Labor Code violations pursuant to the Private Attorneys General Act of 2004 ("PAGA") (Labor Code § 2698 et seq.).

149.   Pursuant to Labor Code § 2699.3 the LWDA has 65 days from the date of submission to notify the parties whether it intends to investigate the alleged violations.

150.   In the event, the LWDA does not intend to investigate Plaintiff's allegations, Plaintiff will amend his complaint to include a PAGA cause of action.

/ / /

Exhibit A, Page 044

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants as follows:

1.     For an order determining that this action may be maintained as a class action with the named Plaintiff as the class representative;

2.     For the attorneys appearing on the above caption to be named class counsel;

3.     For all minimum wages and overtime compensation owed pursuant to Labor Code §§ 510, 1194 and 1197.1;

4.     For premium wages, pursuant to Labor Code § 226.7;

5.     For waiting time penalties pursuant to Labor Code § 203;

6.     For damages, pursuant to Labor Code § 226;

7.     For unreimbursed business expenses pursuant to Labor Code §§ 2800 and 2802;

8.     For all liquidated damages, pursuant to Labor Code §§ 226(e), 1194.4(a), and 1197.1;

9.     For civil penalties, pursuant to Labor Code §§ 558 and 1197.1;

10.    For injunctive relief, pursuant to Labor Code § 266(h) and Bus. & Prof. Code § 17203;

11.    For restitution for Defendants' unfair, unlawful, and fraudulent business practices;

12.    For reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 266(e)(1), 1194, and/or other applicable law;

13.    For pre-judgment and post-judgment interest as provided by law;

14.    For appropriate equitable relief; and

15.    For all such other and further relief, the Court may deem just and proper.

///

///

///

///

Exhibit A, Page 045

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1   Dated: August 3, 2017                    **CLARK LAW GROUP**

2

3                                   By: _____

4                                       R. Craig Clark
                                        Dawn M. Berry
5                                       Monique R. Rodriguez
                                        *Attorneys for Plaintiff*

6

7                           **DEMAND FOR JURY TRIAL**

8       Plaintiff and the putative class and/or classes hereby demand a jury trial on all issues so

9   triable.

10  Dated: August 3, 2017                    **CLARK LAW GROUP**

11

12                                  By: _____

13                                      R. Craig Clark
                                        Dawn M. Berry
                                        Monique R. Rodriguez
14                                      *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           30
         COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

CLARK LAW GROUP
Attn: Clark, R. Craig
205 W Date St
San Diego, CA   92101_____

CVS RX Services, Inc.

L                              ⌐                    L                                        ⌐

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Cabrera | No. RG17870184 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| CVS RX Services, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/17/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Case Management Conference:
DATE: 11/17/2017    TIME: 09:16 AM    DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

Exhibit A, Page 047

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  08/11/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By   *Y. Ayamu* digital

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/14/2017.

By   *Y. Ayamu* digital

Deputy Clerk

Exhibit A, Page 048

1  R. Craig Clark (SBN 129219)
   cclark@clarklawyers.com
2  Monique R. Rodriguez (SBN 204223)
   mrodriguez@clarklawyers.com
3  **CLARK LAW GROUP**
   205 West Date Street
4  San Diego, CA 92101
   Telephone: (619) 239-1321
5  Facsimile: (888) 273-4554
   *Attorneys for Plaintiffs*
6
7  Walter Haines (SBN 071075)
   **UNITED EMPLOYEES LAW GROUP**
   5500 Bolsa Avenue, Suite 201
8  Huntington Beach, CA 92649
   Telephone: (562) 256-1047
9  Facsimile: (562) 256-4554
   *Attorney for Plaintiff Cabrera*
10

**FILED**
**ALAMEDA COUNTY**

SEP -5 2017

CLERK OF THE SUPERIOR COURT
By _Memory P. Oen_
                    Deputy

11
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12
                **IN AND FOR THE COUNTY OF ALAMEDA**
13

14 | SIGFREDO CABRERA and ENKO            CASE NO.: RG17870184
   | TELAHUN, as individuals, on behalf of           ~~RG17879084~~
15 | themselves, and all other persons similarly                    *NL*
   | situated,
16 |                                       **CLASS ACTION**
   |                                       **FIRST AMENDED COMPLAINT FOR**
17 |              Plaintiffs,             **DAMAGES, RESTITUTION, INJUNCTIVE**
   |                                       **RELIEF AND CIVIL PENALTIES:**
18 |       v.
   |                                       **(1) FAILURE TO PAY MINIMUM WAGES**
19 | CVS RX SERVICES, INC., a New York          **AND OVERTIME COMPENSATION**
   | corporation, CVS PHARMACY, INC., a        **(Labor Code §§ 204, 510, 1194, 1197,**
20 | Rhode Island corporation; GARFIELD        **1197.1, and 1198);**
   | BEACH CVS, LLC, a California limited
21 | liability company; and DOES 1 to 10       **(2) FAILURE TO PROVIDE LEGALLY**
   | inclusive,                                     **COMPLIANT MEAL PERIODS OR**
22 |                                            **COMPENSATION IN LIEU THEREOF**
   |              Defendants.                  **(Labor Code §§ 226.7 and 512);**
23 |
   |                                       **(3) FAILURE TO PROVIDE LEGALLY**
24 |                                            **COMPLIANT REST PERIODS OR**
   |                                            **COMPENSATION IN LIEU THEREOF**
25 |                                            **(Labor Code § 226.7);**
   |
26 |                                       **(4) FAILURE TO PAY WAGES OWED**
   |                                            **(Labor Code §§ 201, 202, and 203);**
27 |
   |                                       **(5) FAILURE TO FURNISH ACCURATE**
28 |                                            **ITEMIZED WAGE STATEMENTS**
   |                                            **(Labor Code §§ 226 and 226.3);**

1

1

2

**(6) FAILURE TO MAINTAIN ACCURATE
   RECORDS**
   **(Labor Code §§ 226(a), 226.3, and 1174);**

3

4

**(7) FAILURE TO REIMBURSE FOR
   NECESSARY WORK EXPENSES**
   **(Labor Code §§ 2800 and 2802);**

**(8) UNFAIR BUSINESS PRACTICES**
   **(Bus. & Prof. Code § 17200 et. seq.);**

5

6

**(9) PRIVATE ATTORNEYS GENERAL ACT
   OF 2004**
   **(Labor Code 2698 et seq.).**

7

8

**DEMAND FOR JURY TRIAL**

9

10

11        Plaintiffs Sigfredo Cabrera and Enko Telahun ("Plaintiffs"), by and through their

12   attorneys of record, bring this action on behalf of themselves and all persons similarly

13   situated, against Defendants CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield

14   Beach CVS, LLC (collectively "Defendants" or "CVS"), on the following grounds:

15                                   **INTRODUCTION**

16        1.        This action is brought by Plaintiffs on behalf of themselves and all current or

17   former employees of Defendants who held a non-exempt hourly positions as pharmacists,

18   pharmacy technicians, pharmacy managers, and pharmacy service associates (collectively

19   "pharmacy employees") who worked at CVS locations throughout the state of California,

20   who were not properly compensated for all hours worked, who were not provided with

21   legally compliant meal and rest periods, who were not paid all wages owed upon

22   termination of the employment relationship, who were provided with inaccurate wage

23   statements, who were not reimbursed for necessary work expenses, who were subject to

24   Defendants' unlawful, unfair, and fraudulent business practices, and whose information

25   was not properly maintained by Defendants.

26        2.        Plaintiffs seek damages, civil penalties, injunctive relief, and restitution, as

27   well as reasonable attorneys' fees and litigation costs, as provided under California law.

28

FIRST AMENDED COMPLAINT

3.    All allegations in this First Amended Complaint ("FAC") are based upon information and belief, except those allegations that pertain to Plaintiffs named herein and their counsel, which are based upon personal knowledge. Each allegation in this FAC has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("Code Civ. Proc.") § 410.10.  Pursuant to Code Civ. Proc. § 382 and California Business and Professions Code ("Bus. & Prof. Code") § 17203, Plaintiffs bring this action on behalf of themselves, and on behalf of all persons, as defined herein.

5.    This Court has personal jurisdiction over Defendants because Defendants are doing business in the State of California and have caused injuries in the county of Alameda and throughout the state of California through their acts and omissions, and by their violations of the California Labor Code ("Labor Code") and Bus. & Prof. Code.

6.    Venue as to Defendants is proper in this judicial district, pursuant to Code Civ. Proc. § 395(a).  Defendants transact business and maintain offices in Alameda County and are otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the county of Alameda and the State of California.

7.    Pursuant to Rule 3.400 of the California Rules of Court this case shall be deemed a complex action because it is filed as a class action and involves specialized case management, extensive discovery and evidence, difficult and/or novel issues, and is likely to require extensive post judgment supervision.

## CLASS DEFINITIONS

8.    The members of the proposed classes are defined as follows during the period commencing on the date that is within four years prior to the filing of the initial complaint and through the present date (hereinafter the "Class Period").  To the extent that equitable

1  tolling operates to toll the claims by the class and/or classes against Defendants, the Class

2  Period should be adjusted accordingly.

3        (a)    All current or former non-exempt pharmacy employees employed by

4                Defendants in the state of California who suffered any violations of the

5                Labor Code, Business and Professions Code and/or the relevant

6                California Industrial Welfare Commission's ("IWC") Wage Orders

7                during the Class Period.

8        (b)    All current or former non-exempt pharmacy employees employed by

9                Defendants in the state of California who were not paid for all hours

10               worked in violation of California law during the Class Period.

11       (c)    All current or former non-exempt pharmacy employees employed by

12               Defendants in the state of California who were not provided with

13               legally compliant meal periods or compensation in lieu thereof in

14               violation of California law during the Class Period.

15       (d)    All current or former non-exempt pharmacists employed by

16               Defendants in the state of California who were not provided with

17               legally compliant meal periods because of Defendants' practice of

18               scheduling only one pharmacist on-duty for a period of four to six

19               hours, or who were not compensated for noncompliant meal periods in

20               lieu thereof in violation of California law during the Class Period.

21       (e)    All current or former non-exempt pharmacy employees employed by

22               Defendants in the state of California who were not provided with

23               legally compliant rest periods or compensation in lieu thereof in

24               violation of California law during the Class Period.

25       (f)    All current or former non-exempt pharmacists employed by Defendant

26               in the state of California who were not provided with the opportunity

27               to take legally compliant rest periods due to Defendants practice of

28               scheduling one pharmacist on duty for a period of four to six hours, or

4

FIRST AMENDED COMPLAINT

1    who were not compensated for noncompliant rest periods in lieu

2    thereof in violation of California law during the Class Period.

3    (g)    All former non-exempt pharmacy employees employed by Defendants

4    in the state of California who were not paid all wages owed upon

5    termination of the employment relationship in violation of California

6    law during the Class Period.

7    (h)    All current or former non-exempt pharmacy employees employed by

8    Defendants in the state of California who were not provided with

9    accurate itemized wage statements in violation of California law

10    during the Class Period.

11    (i)    All current or former non-exempt pharmacy employees employed by

12    Defendants in the state of California whose information was not

13    accurately recorded and/or maintained in violation of California law

14    during the Class Period.

15    (j)    All current or former non-exempt pharmacy employees employed by

16    Defendants in the state of California who were not reimbursed for

17    necessary work expenses in violation of California law during the

18    Class Period.

19    (k)    All current or former non-exempt pharmacy technicians employed by

20    Defendants in the state of California who were not reimbursed for their

21    licensing, background check, and travel in violation of California law

22    during the Class Period.

23    (l)    All current or former non-exempt pharmacy employees employed by

24    Defendants in the state of California who were subject to Defendants'

25    unlawful, unfair, and/or fraudulent business practices in violation of

26    California law during the Class Period.

27

28

9.     Members of the class and/or classes are all "employees" as the term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions in the State of California.

10.    A more precise definition of the class and/or classes may be determined after further investigation and discovery is conducted.

11.    Plaintiffs reserve their right to redefine the class and/or classes under California Rules of Court, rule 3.765(b) and other applicable law at any time prior to the court's order on Plaintiffs' Motion for Class Certification.

## THE PARTIES

## I.     PLAINTIFFS

12.    Plaintiff Sigfredo Cabrera, at all material times mentioned herein:

    (a)    Was employed by CVS from January 2016 to January 2017 as a non-exempt pharmacy service associate and a non-exempt pharmacy technician;

    (b)    Worked at multiple CVS locations, including in Oakland, San Leandro and Palo Alto, California;

    (c)    Was paid an hourly wage;

    (d)    Was mandated by CVS to complete various training modules;

    (e)    Was not paid for all his time spent completing the required training modules;

    (f)    Was directed by CVS to work off the clock to meet the needs of the pharmacy and/or complete required training;

    (g)    Was not paid for all his time spent working off the clock;

    (h)    Was not provided with legally compliant meal periods or compensation in lieu thereof;

    (i)    Was not provided with legally compliant rest periods or compensation in lieu thereof;

6

FIRST AMENDED COMPLAINT

(j)   Was not paid all wages owed upon termination of the employment relationship;

(k)   Was provided with inaccurate and incomplete wage statements;

(l)   Was not reimbursed for necessary work expenses, including but not limited to the costs for his licensing and background check;

(m)  Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(n)   Believes his payroll records are inaccurate and not properly maintained by Defendants;

(o)   Is a member of the class and/or classes identified above;

(p)   Is an "aggrieved employee" as defined by Labor Code § 2699(c);

(q)   Complied with all requirements outlined in Labor Code § 2698 et seq.

13.   Plaintiff Enko Telahun, at all material times mentioned herein:

(a)   Was employed by CVS from June 2010 to February 2017 as a non-exempt pharmacist and a non-exempt pharmacy manager;

(b)   Worked at a CVS location in San Diego, California;

(c)   Was paid an hourly wage;

(d)   Was required by CVS to complete various training modules;

(e)   Was not paid for all time spent completing the various training modules;

(f)   Was required to work off the clock to complete the required training and/or meet the needs of the pharmacy;

(g)   Was not paid for all his time spent working off the clock;

(h)   Was not provided with legally compliant meal periods;

(i)   Was not compensated for noncompliant meal periods;

(j)   Was not provided with legally complaint rest periods;

(k)   Was not compensated for noncompliant rest periods;

(l)   Was not paid all wages owed upon termination of the employment relationship;

(m)  Was provided with inaccurate and incomplete wage statements;

7

Exhibit A, Page 055

FIRST AMENDED COMPLAINT

(n) Was not reimbursed for necessary work expenses;

(o) Was subject to CVS' unlawful, unfair, and fraudulent business practices;

(p) Believes his payroll records are inaccurate and not properly maintained by Defendants;

(q) Is a member of the class and/or classes identified above;

(r) Is an "aggrieved employee" as defined by Labor Code § 2699(c);

(s) Has provided notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of their alleged Labor Code violations.

## II.   DEFENDANTS

14.   Defendant CVS RX Services, Inc., is a New York corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services throughout the United States and the State of California.

15.   Defendant CVS Pharmacy, Inc., is a Rhode Island corporation, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of providing pharmacy services and operating retail stores that sell pharmaceuticals and general merchandise throughout the United States and the State of California.

16.   Defendant Garfield Beach CVS, LLC, is a California limited liability company, which operates as a subsidiary of CVS Health Corporation that is engaged in the business of operating drug and proprietary stores throughout the State of California.

17.   The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names pursuant to Code Civ. Proc. § 474. Plaintiffs will amend their complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

18.   At all times mentioned herein, each defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter ego and/or in furtherance of the joint venture.

8

FIRST AMENDED COMPLAINT

1       19.   At all times mentioned herein, the acts and omissions of each of the

2 defendants concurrently contributed to the various acts and omissions of each and every

3 one of the other defendants in proximately causing the wrongful conduct, harm, and

4 damages alleged herein.  Each of the defendants approved of, condoned, and/or otherwise

5 ratified each and every one of the acts or omissions complained herein. Each defendant

6 and all doe defendants were and are acting with the authority of each and every other

7 defendant and are acting as agents of each and every other defendant or doe defendant.

8                     **FACTUAL ALLEGATIONS**

9       20.   Plaintiff Cabrera was employed by CVS from January 2016 to January 2017.

10 During his employment, he worked at CVS locations in Oakland, San Leandro, and Palo

11 Alto, California. Plaintiff Cabrera worked as both a pharmacy service associate and a

12 pharmacy technician and was paid an hourly wage.

13       21.   Plaintiff Enko Telahun was employed by CVS from June 2010 to February

14 2017. During his employment, he worked at a CVS location in San Diego, California.

15 Plaintiff Telahun worked as both a pharmacist and pharmacy manager and was paid an

16 hourly wage.

17       22.   Plaintiffs assert that CVS employs individuals as non-exempt pharmacists,

18 pharmacy managers, pharmacy technicians, and pharmacy service associates at its various

19 CVS locations throughout the State of California. To their knowledge pharmacy

20 employees are paid on an hourly basis.

21       23.   Plaintiffs allege, based on information and belief, that all pharmacy

22 employees in the state of California are subject to the same and/or similar policies,

23 practices, and/or procedures described herein.

24       24.   As a policy, practice, and/or procedure CVS sets an amount of available work

25 hours for each CVS location based on prescription volume from the previous year.

26       25.   As a policy, practice, and/or procedure CVS instructs its store managers

27 and/or pharmacy managers to not to go over the set amount of available work hours for

28 CVS location.

FIRST AMENDED COMPLAINT

26.     Upon hire, CVS requires all pharmacy employees to complete an extensive, initial training session. As a policy, practice and/or procedure CVS also requires pharmacy employees to complete ongoing training sessions, which are offered about once a month. To Plaintiffs' knowledge these training sessions are not essential for any state certification, licensing, or regulation.

27.     As a policy, practice and/or procedure CVS routinely sends notices via email to pharmacy employees when an upcoming training session is required and available for completion. The notices provide information about the upcoming training, a time estimate for completion, and a due date. CVS also sends out reminder notices, as a policy, practice and/or procedure, to pharmacy employees who have yet to complete the training by the upcoming due date.

28.     Based on information and belief, Plaintiffs allege thereon, that failure to complete the training in a timely fashion may result in disciplinary action, including but not limited to a reduction in assigned work hours.

29.     As a policy, practice and/or procedure CVS's training modules are typically completed on a CVS web-based training system, usually referred to as LEARNet. Plaintiffs believe that the web-based system keeps record of all log-in and log-out times, as well as the total time the pharmacy employee spends to complete each training module.

30.     As a policy, practice and/or procedure CVS purportedly permits pharmacy employees to complete their training while clocked in during a scheduled shift.  However, due to CVS's staffing policies, practices, and/or procedures, and the busy nature of the pharmacy, Plaintiffs allege that they and other pharmacy employees typically do not have time to complete the required trainings during their scheduled shifts.

31.     As a policy, practice and/or procedure to ensure that pharmacy employees complete their training, CVS provides all pharmacy employees with unique remote access log-in credentials so that they may access the web-based training system from a remote location, such as the employee's home.

32.    As a policy, practice, and/or procedure CVS assigns an approximate time frame that each training module should be completed in.  However, the trainings often take Plaintiffs and other pharmacy employees more time to complete than the time prescribed.

33.    Even though CVS knows or should know that training takes more time than suggested, it has a policy, procedure, and/or practice of instructing store managers to only compensate pharmacy employees for the allocated training time instead of the actual time the pharmacy employees spend completing the training.

34.    As a policy, procedure and/or practice CVS typically uses its cash registers to operate as the CVS timekeeping system.  Based on information and belief Plaintiffs allege thereon, that CVS training system is not integrated with the timekeeping system. CVS does not keep track of training time nor does CVS automatically add the training time to the pharmacy employees' clocked hours at their work locations.  As a result, all training completed off the clock must be entered manually by a store manager, despite the fact that log-in and log-out times are available to CVS through the training software.

35.    As a policy, procedure, and/or practice, CVS instructs pharmacy employees to separately track their time spent engaging in training on a separate sheet of paper that allegedly is to be manually entered by a store manager. However, pharmacy employees often endure difficulties with management when reporting their training time due to the direction and pressure by CVS to minimize labor costs and restrict overtime. CVS's scheme has created a disincentive for store managers to manually enter the actual time pharmacy employees spent completing the training remotely. Ultimately, this scheme has knowingly deterred pharmacy employees from reporting their actual time spent participating in training. Therefore much, if not all, of the time pharmacy employees spend remotely completing the required training is never logged by CVS and the employees are not paid for that time.

36.    CVS is aware and/or should be aware of their failure to compensate pharmacy employees because they have payroll records for all pharmacy employees, as well as training records for all pharmacy employees. From such records, CVS has the

11

FIRST AMENDED COMPLAINT

1  capability to determine whether or not a pharmacy employee is appropriately compensated

2  for their time spent participating in the mandated training.

3      37.    Plaintiffs further allege that due CVS's policy, practice and/or procedure of

4  strictly allocating work hours based on prescription volume from the previous year and the

5  busy nature of the pharmacy, they and other pharmacy employees were often directed to

6  work off the clock before and after their scheduled shifts, as well as during their meal and

7  rest periods to meet the needs of the pharmacy and/or to complete the required training. As

8  a result, pharmacy employees often worked more than eight hours in a day, and/or forty

9  hours in a week.

10      38.    Plaintiffs allege that it is CVS's policy, practice, and/or procedure to

11  discipline pharmacy employees for refusing to work off the clock, such as by reducing the

12  employee's scheduled work hours.

13      39.    CVS's policies, practices, and/or procedures have knowingly resulted in

14  pharmacy employees not being compensated for some or all the time they were engaged in

15  work.

16      40.    Plaintiffs further allege that as a policy, practice, and/or procedure CVS

17  required pharmacy employees to clock out for meal periods, even though pharmacy

18  employees were working through their meal periods to meet the needs of the pharmacy

19  and/or complete their required training.

20      41.    Plaintiffs contends that CVS knew or should have known that pharmacy

21  employees were working through their meal periods because (a) various managers,

22  supervisors, and personnel saw pharmacy employees working during their meal periods,

23  (b) LEARNet shows that pharmacy employees were completing trainings, while they were

24  clocked out for a meal period; (c) the work accomplished could not have been completed

25  within the documented number of hours, and (d) Plaintiff Cabrera personally complained

26  to his superiors about not receiving adequate meal and rest periods.

27      42.    California regulations provide that a pharmacist must be on the premises at

28  all times and be fully aware of all activities performed by a pharmacy technician.  Plaintiff

1  Telahun contends that as a policy, practice, and/or procedure CVS schedules only one

2  pharmacist on duty for a period of four to six hours. Due to this scheduling practice,

3  pharmacists, such as Plaintiff Telahun, were not provided with meal periods that were free

4  of all duty, as they were on call during their meal periods and/or were unable to leave the

5  premises. As such, Plaintiff Telahun and other current or former pharmacists were not

6  provided with legally compliant meal periods.

7  43.   Plaintiffs further allege that they and other current or former pharmacy

8  employees did not receive a second meal period when they worked more than ten hours.

9  This was largely because Plaintiffs and other pharmacy employees were working off the

10  clock as described herein.

11  44.   Plaintiffs and other current or former pharmacy employees were not

12  compensated for noncompliant meal periods as provided by California law.

13  45.   As a policy, practice, and/or procedure CVS did not provide Plaintiffs and

14  other current or former employees with lawful rest periods, despite its written policy due

15  to the busy nature of the pharmacy and the pressure of CVS to meet its goals.

16  46.   Due to CVS's policy, practice, and/or procedure of only scheduling one

17  pharmacist for a period of four to six hours and California regulations, pharmacists, such

18  as Plaintiff Telahun were unable to take off-duty rest periods as they were expected to be

19  on-call and available at all times.

20  47.   Plaintiffs and other current or former employees were not compensated for

21  noncompliant rest periods in violation of California law.

22  48.   CVS also has a policy, practice, and/or procedure of failing to reimburse

23  and/or indemnify Plaintiffs and other current or former pharmacy employees for expenses

24  incurred as a direct result of their employment, such as the use of personal computers and

25  internet to complete the mandatory training from a remote location, even though CVS

26  knew and/or had reason to know that pharmacy employees were completing the training

27  from their personal computers and using their own internet without reimbursement.

28

Exhibit A, Page 061

49.     Additionally, CVS has a policy, practice, and/or procedure of failing to reimburse and/or indemnify Plaintiff Cabrera and other current or former pharmacy technicians for the costs of their required license, background check, and travel, which were required by CVS.  Thus, CVS knew or had reason to know that pharmacy technicians were not being reimbursed for their required work related expenses.

50.     Since, CVS failed to pay Plaintiffs and other current or former employees for all time worked, as well as premiums for noncompliant meal and rest periods, CVS willfully failed to pay, in a timely manner, all wages owed to Plaintiffs and other former employees upon termination of their employment.

51.     Due to CVS's policies, practices, and procedures described herein, CVS failed to provide accurate itemized wage statements to Plaintiffs and other current or former pharmacy employees in violation of California law because the wage statements did not properly reflect the number of hours worked, the gross wages and net wages earned, nor was the information properly itemized in a way pharmacy employees would be able to easily determine the information.

52.     Because of CVS' policies, practices, and procedures, described herein, CVS also failed to maintain accurate records by failing to accurately and properly record all time worked and maintain accurate payroll records as required by California law.

53.     On June 22, 2016, Plaintiff Cabrera submitted notice to the LWDA and CVS informing them of CVS' alleged Labor Code violations pursuant to PAGA. A true and correct copy of the notice is attached hereto as **Exhibit 1**, and is incorporated herein by this reference. As of the date of this pleading the LWDA has yet to respond to Plaintiff Cabrera's notice.  As such, Plaintiff Cabrera now files this representative action pursuant to Labor Code § 2698 et seq.

54.     Plaintiffs believe that other violations may be discovered and therefore reserve their right to allege additional violations of law that may constitute violations of the Business and Professions Code and/or Labor Code, as investigation and discovery

14

1   warrants. In the event, Plaintiffs discover other violations through the discovery process,

2   Plaintiffs will seek to amend the operative complaint.

3                               **CLASS ALLEGATIONS**

4       55.    Plaintiffs bring this action on behalf of themselves and on behalf of all

5   persons within the defined class and/or classes.

6       56.    This class action meets the statutory prerequisites for the maintenance of a

7   class action, as set forth in Code Civ. Proc. § 382 and Civ. Code § 1781, in that:

8         (a)    The persons who comprise the class and/or classes are so numerous that

9               the joinder of all such persons is impracticable and the disposition of their

10              claims as a class will benefit the parties and the Court;

11       (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

12              that are raised in this Complaint are common to the Class and will apply

13              uniformly to every member of the Class, and as a practical matter be

14              dispositive of the interests of the other members not party to the

15              adjudication;

16       (c)    The parties opposing the Class have acted or have refused to act on

17              grounds generally applicable to the Class, thereby making final injunctive

18              relief or corresponding declaratory relief appropriate with respect to the

19              Class as a whole; and

20       (d)    Common questions of law and fact exist as to the members of the Class

21              and predominate over any questions affecting only individual members,

22              and a class action is superior to other available methods for the fair and

23              efficient adjudication of the controversy, including consideration of:

24           i.    The interests of Class Members in individually controlling the

25                 prosecution or defense of a separate actions;

26           ii.    The extent and nature of any litigation concerning the controversy

27                 already commenced by or against members of the Class;

28

Exhibit A, Page 063
FIRST AMENDED COMPLAINT

iii.   The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

iv.   The difficulties likely to be encountered in the management of a class action.

57.   The Court should permit this action to be maintained as a class action pursuant to Code Civ. Proc. § 382 and Civ. Code § 1781 because:

(a)   Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

(b)   A class action is superior to any other available method for the fair and efficient adjudication of Class Members' claims;

(c)   The members of the Class are so numerous that it is impractical to bring all Class Members before the Court;

(d)   Plaintiffs' claims are typical of the claims of the Class;

(e)   Plaintiffs and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(f)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendants' actions have inflicted upon the Class;

(g)   Plaintiffs can, and will, fairly and adequately protect the interest of the Class;

(h)   There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of the Class for the injuries sustained; and

(i)   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

16

FIRST AMENDED COMPLAINT

Exhibit A, Page 064

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME COMPENSATION

### [Labor Code §§ 204, 510, 1194, and 1197, 1197.1, and 1198]

58.     Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 3, 2017.

59.     Plaintiffs allege that CVS willfully and intentionally violated the Labor Code by failing to adequately compensate Plaintiffs and other current or former pharmacy employees for all hours worked.

60.     Labor Code § 204 establishes the fundamental right of all employees in the state of California to be paid wages in a timely fashion for their work.

61.     Section 1197 of the Labor Code provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

62.     Pursuant to California law, an employer must pay each employee "not less than the applicable minimum wage for all hours worked in the payroll period, whether the remunerations is measured by time, piece, commission, or otherwise." *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 44.

63.     Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours worked on the seventh day of work in any one workweeks <u>shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.</u>  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

17

FIRST AMENDED COMPLAINT

64.     An employee may not waive his or her right to overtime compensation and any agreement by the employee to accept less than the statutorily required rate is unenforceable as a matter of law. *Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.

///

///

65.     Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

66.     Labor Code § 558(a) further provides:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

67.     As a policy, practice, and/or procedure CVS requires all pharmacy employees to participate in regular training. CVS allegedly permits pharmacy employees to complete their training during scheduled shifts or from a remote location by using provided log-in credentials. However, when training is completed off-the-clock, the pharmacy employee's time is not automatically recorded. CVS management must manually enter any training time completed off-the-clock.

Exhibit A, Page 066

68.     CVS has a policy, practice, and/or procedure of instructing and/or requiring store managers to only compensate pharmacy employees for the estimated time for completion of training instead of the actual time spent completing the training. Since, CVS requires store managers to limit their labor costs, CVS's policies, practices, and/or procedures serve as a disincentive for store managers to properly compensate pharmacy employees for their training time. As a result, pharmacy employees are not compensated the legal minimum wage for all or some of the training time that occurs off-the-clock, and/or at the applicable rate of overtime.

69.     As described herein, CVS has a policy, practice, and/or procedure of limiting the number of available work hours, based on performance from the prior year. CVS instructs its store managers to not go over the set amount of available work hours. As a result, pharmacy employees were often instructed and expected to work off the clock before and after their scheduled shifts, or during their meal and/or rest periods to meet the needs of the pharmacy. If a pharmacy employee refused to work off the clock, the pharmacy employee was often disciplined by having his or her hours cut.

70.     CVS has intentionally created a common scheme and practice to deter pharmacy employees from reporting and being paid for all hours worked.

71.     At all relevant times, Plaintiffs and other current or former pharmacy employees worked more than eight hours in a single workday and/or more than forty hours in a workweek due CVS's mandatory training requirements and limited staffing practice. CVS knowingly failed to compensate pharmacy employees for all hours worked, and/or the applicable overtime in violation of the Labor Code.

72.     By virtue of CVS's unlawful failure to compensate Plaintiffs and current or former pharmacy employees for their time worked, pharmacy employees have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

FIRST AMENDED COMPLAINT

73.     Having received less than the legal minimum wage and/or applicable rate of overtime compensation, Plaintiffs and other current or former pharmacy employees are entitled to, and now seek to recover all wages owed, penalties, including penalties available under Labor Code § 558, as well as interest, reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

74.     Plaintiffs, on behalf of themselves and other current or former pharmacy employees, also request further relief as described in the below prayer.

### SECOND CAUSE OF ACTION

**(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS

### OR COMPENSATION IN LIEU THEREOF

**[Labor Code §§ 226.7 and 512]**

75.     Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 3, 2017.

76.     Labor Code § 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

77.     In pertinent part, Labor Code § 226.7(c) provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

Exhibit A, Page 068

78.    Under California law, the meal period requirement is generally satisfied if the employee: (a) has at least 30 minutes uninterrupted; (b) is free to leave the premises; and (c) is relieved of all duty for the entire period. *See Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036 [citing DLSE Opn. Letter No. 1996.07.12 (July 12, 1996) p.1].

79.    At all relevant times, Plaintiffs and other current or former pharmacy employees were typically scheduled to work an eight-hour day.

80.    Plaintiffs allege that they and other current or former pharmacy employees typically did not receive legally compliant meal periods.

81.    Plaintiffs allege that he and other current or former employees were directed to work through their meal periods to meet the needs of the pharmacy.

82.    Meal periods that are not free from all duty and/or are less than thirty (30) minutes violate California law.

83.    Plaintiffs believes CVS knew or should have known that Plaintiffs and other current or former pharmacy employees were not receiving legally compliant meal periods because (a) various managers, supervisors, and personal saw pharmacy employees working during their meal periods; (b) LEARNet showed that pharmacy employees were completing training while they were clocked out for lunch, (c) the work accomplished could not have been completed in the number of documented hours; and (d) Plaintiff Cabrera complained to his superiors about not receiving legally compliant meal periods.

84.    Additionally, due to California regulations which require a pharmacist to be on the premises at all times and CVS's policy, practice, and/or procedure of only scheduling on pharmacist on duty for a period of four to six hours, often times pharmacists, such as Plaintiff Telahun were not provided with the opportunity to take a duty-free meal period, as they were often on call and/or unable to leave the premises. As such, pharmacists were not provided with legally compliant meal periods.

85.    Plaintiffs further allege that they and other current or former pharmacy employees did not receive a second meal period when they worked more than ten hours.

21

FIRST AMENDED COMPLAINT

1   Plaintiffs contend that this largely resulted when pharmacy employees worked off the

2   clock, as described herein.

3       86.     CVS failed to pay Plaintiffs and other current or former pharmacy employees

4   the required premium wage for each noncompliant meal period, as required by California

5   law.

6       87.     Due to CVS's unlawful conduct, Plaintiffs and other current or former

7   pharmacy employees suffered, and will continue to suffer, damages in an amount which is

8   presently unknown, but which exceeds the jurisdictional limits of this Court and which

9   will be ascertained according to proof at trial.

10      88.     Pursuant to Labor Code § 226.7(c) and the relevant IWC Wage Orders,

11  Plaintiffs and other current or former pharmacy employees are entitled to, and seek to,

12  recover the full amount of unpaid premium wages for noncompliant meal periods.

13      89.     Pursuant to Labor Code § 218.6, Plaintiffs and other current or former

14  pharmacy employees are entitled to, and seek to, also recover prejudgment interest on the

15  amount of premium wages owed.

16      90.     Plaintiffs and other current or former pharmacy employees are entitled to,

17  and seek to, recover reasonable attorneys' fees as permitted by Labor Code § 218.5.

18      91.     Plaintiffs, on behalf of themselves and other current or former pharmacy

19  employees, request further relief as described in the below prayer.

20                          **THIRD CAUSE OF ACTION**

21  **(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

22          **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS**

23                  **OR COMPENSATION IN LIEU THEREOF**

24                          **[Labor Code § 226.7]**

25      92.     Plaintiffs reallege and incorporate by this reference, all paragraphs of this

26  FAC and the Complaint filed on August 3, 2017.

27      93.     In pertinent part, Labor Code § 226.7 provides:

28

                                    22                    Exhibit A, Page 070

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Divisor of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

94.   At all relevant times, Plaintiffs and other current or former pharmacy employees were typically scheduled to work an eight-hour work day.

95.   Plaintiffs allege that they and other current or former pharmacy employees regularly did not receive off-duty rest periods despite CVS's written policy because of busy nature of the pharmacy and the pressure by CVS to meet the stores goals.

96.   Additionally, pharmacists were also unable to take off-duty rest periods due to CVS's policy of only scheduling one pharmacist on duty for a period of four to six hours and California regulations, which require a pharmacist to always be on the premises.

97.   CVS did not compensate Plaintiffs and other current or former pharmacy employees the required premium wage for each noncompliant rest period, as required by California law.

98.   Plaintiffs assert that CVS knew or should have known that Plaintiffs and other current or former pharmacy employees were not receiving adequate rest periods due to the busy nature of the pharmacy, production, and staffing.

99.   As a result of CVS's unlawful conduct, Plaintiffs and other current or former pharmacy employees suffered, and will continue to suffer, damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

1   100.   According to Labor Code § 226.7(c) and the relevant IWC wage orders,

2   Plaintiffs and other current or former pharmacy employees are entitled to, and seek to,

3   recover the full amount of unpaid premium wages for noncompliant rest periods.

4   101.   Pursuant to Labor Code § 218.6, Plaintiffs and other current or former

5   pharmacy employees are entitled to, and seek to, also recover prejudgment interest on the

6   amount of premium wages owed.

7   102.   Plaintiffs and other current or former pharmacy employees are entitled to,

8   and seek to, recover reasonable attorneys' fees and costs as permitted by Labor Code §

9   218.5.

10   103.   Plaintiffs, on behalf of themselves and other current or former pharmacy

11   employees, request further relief as described in the prayer below.

**FOURTH CAUSE OF ACTION**

13   **(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

**FAILURE TO PAY WAGES OWED**

15   **[Labor Code §§ 201, 202, and 203]**

16   104.   Plaintiffs reallege and incorporate by this reference all paragraphs of this

17   FAC and the Complaint filed on August 3, 2017.

18   105.   The term "wages" is defined in Labor Code § 200(a) to include "all amounts

19   for labor performed by employees of every description, whether the amount is fixed or

20   ascertained by the standard of time...or other method of calculation.  Subsection (b)

21   further defines "labor" to include all "labor, work or service whether rendered or

22   performed under contract, subcontract, partnership..."

23   106.   Labor Code § 201(a) provides: "If an employer discharges an employee, the

24   wages earned and unpaid at the time of discharge are due and payable immediately."

25   107.   According to Labor Code § 202(a):

26   If an employee not having a written contract for a definite
     period quits his or her employment, his or her wages shall
27   become due and payable not later than 72 hours thereafter,
     unless the employee has given 72 hours previous notice of his or
28   her intention to quit, in which case the employee is entitled to

24

Exhibit A, Page 072

his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment with 72 hours of the notice of quitting.

108.   Labor Code § 203 further provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

109.   CVS's common scheme of limiting work hours and mandating training, knowingly prevented pharmacy employees from being compensated for all time worked.

110.   A number of pharmacy employees, including Plaintiffs, are no longer employed by CVS.  To date, CVS has yet to pay the wages owed to them as required under California law.

111.   As a consequence of CVS's willful and deliberate refusal to tender such wages, affected pharmacy employees are entitled to, and therefore seek a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty. *See* Labor Code § 203.

112.   Plaintiffs, on behalf of themselves and other pharmacy employees, also request further relief as described in the below prayer.

## FIFTH CAUSE OF ACTION

**(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

## FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### [Labor Code §§ 226 and 226.3]

113.   Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 3, 2017.

114.   Labor Code § 226 states in pertinent part:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the

employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each period and the corresponding number of hours worked at each hourly rate by the employee..."

115.   Labor Code § 226(e)(1) further provides:

An employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

116.   Labor Code § 266(h) states "an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorneys' fees."

117.   An injury occurs where the employer fails to provide accurate information and the employee cannot "promptly and easily determine" the total number of hours worked or the "applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." Labor Code § 226(a)(9)-(e)(2)(B)(i).

118.   Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily determine" means that "a reasonable person would be able to readily ascertain the information without reference to documents or information."

119.   CVS's policies, practices, and procedures related to training, staffing, and payroll records has resulted in wage statements which do not accurately reflect the gross and/or net wages earned since, CVS has not paid pharmacy employees for all time worked. Additionally, the wage statements and subsequent records do not accurately reflect all time worked, since off the clock time was not properly tracked and/or entered into the payroll system.  Thus, the total hours worked listed on the wage statements are inaccurate. The

1   wage statements also do not properly reflect premium payments received for noncompliant

2   meal and rest periods. As a result, Plaintiffs and other current or former pharmacy

3   employees were unable to readily ascertain from their wage statements whether they were

4   properly compensated.

5       120.   Pursuant to California law, Plaintiffs and other current or former pharmacy

6   employees are deemed to have suffered injury as a result of CVS's knowing and

7   intentional failure to provide them with accurate itemized wage statements.

8       121.   According to Labor Code § 226(e), Plaintiffs and other current or former

9   pharmacy employees are entitled to, and seek to recover liquidated damages in the amount

10  of $50.00 for the initial violation and $100.00 for each subsequent violation per employee,

11  not to exceed $4,000.00.

12      122.   Additionally, pursuant to Labor Code § 226(h), Plaintiffs and other current or

13  former pharmacy employees are entitled to, and therefore seek, injunctive relief in order to

14  ensure that CVS complies with Labor Code § 266.

15      123.   Plaintiffs and other current or former pharmacy employees are entitled to,

16  and seek, attorneys' fees and costs provided by Labor Code § 266(h).

17      124.   Plaintiffs, on behalf of themselves and other current or former pharmacy

18  employees, also request further relief as described in the below prayer.

19                          **SIXTH CAUSE OF ACTION**

20  **(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

21              **FAILURE TO MAINTAIN ACCURATE RECORDS**

22                  **[Labor Code §§ 226(a), 226.3, and 1174]**

23      125.   Plaintiffs reallege and incorporates by this reference, all paragraphs of this

24  FAC and the Complaint filed on August 3, 2017.

25      126.   In pertinent part Labor Code § 226(a) states "a copy of the statement and the

26  record of deductions shall be kept on file by the employer for at least three years..."

27      127.   Labor Code § 1174(d) states:

28

                                27                  Exhibit A, Page 075

"[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

128. Plaintiffs allege that CVS intentionally and willfully failed to maintain accurate payroll records showing the number of hours worked each day by Plaintiffs and other current or former pharmacy employees, including the time spent engaged in training and working off the clock, because CVS knew or should have known that pharmacy employees were working off the clock as described herein.

129. As a result of CVS's deliberate and unlawful conduct, Plaintiffs and other current or former pharmacy employees suffered, and continue to suffer, injuries and damages, because CVS has failed to abide by the requirements outlined in the Labor Code.

130. More specifically, Plaintiffs and other current or former pharmacy employees have been injured because they were denied both their legal right and protected interest, in having accurate and complete payroll records available to them.

131. Plaintiffs and other current or former pharmacy employees are entitled to, and do seek the damages outlined in Labor Code § 226.7(e)(1).

132. Plaintiffs, on behalf of themselves and other current or former pharmacy employees, also request further relief as described in the below prayer.

## SEVENTH CAUSE OF ACTION

**(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

## FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES

### [Labor Code §§ 2800 and 2802]

133. Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 3, 2017.

28

Exhibit A, Page 076

134.   Pursuant to Labor Code §§ 2800 and 2802, an employer must reimburse employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

135.   Plaintiffs and other current and former pharmacy employees incurred necessary business-related expenses and costs, such as use of a personal computer or device, use of internet, licensing, background check, and travel.

136.   CVS has intentionally and willfully failed to reimburse Plaintiffs and other current or former pharmacy employees for all necessary business-related expenses and costs, even though CVS knew or had reason to know that employees were using their personal computers/devices and internet for work related activities.

137.   CVS also knew or had reason to know that pharmacy technicians were paying for the cost of their license, background checks, and travel, because they were requirements imposed by CVS.

138.   Plaintiffs and other current or former pharmacy employees are entitled to recover, and therefore seek to recover, from CVS, their business-related expenses and costs incurred during the course and scope of their employment, in addition to interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the state of California.

139.   Plaintiffs, on behalf of themselves and other current or former pharmacy employees, also requests further relief as described in the below prayer.

## EIGHTH CAUSE OF ACTION

**(By Plaintiffs Individually and on Behalf of the Class(es) against Defendants and Does 1-10)**

### UNFAIR BUSINESS PRACTICES

**[Bus. & Prof. Code § 17200 et seq.]**

140.   Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 7, 2017.

141.   As codified in Bus. & Prof. Code § 17200 et seq., California's Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or practice."

142.   The UCL permits a cause of action to be brought if a practice violates some other law.  In effect, the "unlawful" prong of the UCL makes a violation of the underlying law a per se violation of Bus. & Prof. Code § 17200.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for a § 17200 "unlawful" violation. *Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.

143.   Under the UCL, a practice may be "unfair" even if some other law does not specifically proscribe it. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th 1134, 1143 [internal citations omitted]. Pursuant to the California Supreme Court, the "unfair" standard is intentionally broad to allow courts maximum discretion is prohibiting new schemes to defraud. *Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180-181.

144.   A business act or practice is deemed "fraudulent" under Bus. & Prof. Code § 17200 where "members of the public are likely to be deceived." *Blakemore v. Superior Court*, (2005) 129 Cal.App.4th 36, 49. A showing of actual deception, reasonable reliance, or damages is not required. *Id*. The fraudulent prong may be used to attack the deceptive manner in which otherwise lawful contract terms are presented to an individual. *Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253. As such, even a true statement may be unlawful under § 17200 if it is "couched in such a manner that is likely to mislead or deceive..., such as by failing to disclose other relevant information." *Id*.

145.   As discussed herein, CVS's business practices violate all three prongs of California's UCL.

<u>Unlawful</u>

146.   As described herein, CVS violated the Labor Code by refusing to properly compensate pharmacy employees for all time worked.  Failure to compensate employees for all time worked is a clear violation of California law, and thus a per se violation of the

30

Exhibit A, Page 078

FIRST AMENDED COMPLAINT

1 UCL. *Cel-Tech Commc'ns, Inc., supra*, 20 Cal.4th at 180. Additionally, CVS failed to

2 compensate pharmacy employees for non-compliant meal and rest periods as provided by

3 California law. CVS's failure to promptly pay wages owed upon termination, failure to

4 furnish accurate wage statements, failure to reimburse for necessary business expenses, as

5 well as failing to maintain accurate records are also violations of California law. CVS has

6 therefore engaged in unlawful business practices pursuant to Bus. & Prof. Code § 17200.

7                                      Unfair

8        147.   CVS's practice of minimizing available work hours and staff, as well as

9 requiring pharmacy employees to work off the clock is an inherently unfair practice

10 because it knowingly prohibits pharmacy employees from being compensated for all hours

11 worked.

12       148.   CVS's practice of failing to provide off-duty meal and rest periods to its

13 pharmacy employees, is an unfair practice because it knowingly strips pharmacy

14 employees of the rights and protections afforded to them by the Labor Code.

15       149.   CVS's practice of failing to pay prompt wages upon termination, failing to

16 provide itemized and accurate wage statements, and failing to reimburse for necessary

17 business expenses is also unfair practice because it is contrary the Labor Code, as well as

18 unethical.

19                                    Fraudulent

20       150.   CVS's practice of providing Plaintiffs and pharmacy employees with

21 inaccurate and incomplete wage statements is not only unlawful, but constitutes a

22 fraudulent business practice under the UCL. This is particularly true as Plaintiffs and other

23 pharmacy employees are likely to be, and actually are deceived as to their earned wages

24 because they are unable to determine from their wage statements whether or not they were

25 paid for all work performed.

26       151.   CVS's practice of failing to maintain accurate records is also a fraudulent

27 business practice because the lack of records intentionally misleads Plaintiffs and other

28 pharmacy employees of their total hours worked and total wages earned.

152.   As a direct and proximate result of CVS's unlawful, unfair, and fraudulent business practices, Plaintiffs and other current or former pharmacy employees have suffered injury-in-fact and have lost wages rightfully owed to them.

153.   Through their unlawful, unfair, and fraudulent conduct, CVS has been unjustly enriched by receiving and continuing to receive benefits and profits at the expense of pharmacy employees. Therefore, pursuant to Bus. & Prof. Code § 17200, CVS should be enjoined from this activity and made to disgorge all ill-gotten gains and restore Plaintiffs and other current or former pharmacy employees the wages wrongfully withheld from them.

154.   The unlawful, unfair, and fraudulent conduct alleged herein has continued, and there is no indication that CVS will refrain from such activity in the future. This is especially true since CVS has purposefully created an atmosphere that deters the accurate reporting of work time. Plaintiffs believe and allege that if CVS is not enjoined from the conduct described herein, they will continue to violate California law at the expense of its pharmacy employees.  Accordingly, Plaintiffs request that the Court issue a preliminary and permanent injunction against CVS.

155.   Plaintiffs, on behalf of themselves and other current or former pharmacy employees, also request further relief as described in the below prayer.

### NINTH CAUSE OF ACTION

**(By Plaintiffs in their Representative Capacity against Defendants and Does 1-10)**

**PRIVATE ATTORNEY GENERAL ACT OF 2004**

**(Labor Code § 2698 et seq.)**

156.   Plaintiffs reallege and incorporate by this reference, all paragraphs of this FAC and the Complaint filed on August 3, 2017.

157.   The Private Attorneys General Act of 2004 ("PAGA") expressly provides that any provision of the Labor Code allowing for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, division, commissions, boards, agencies, or employees, for a violation of the

32

Exhibit A, Page 080

FIRST AMENDED COMPLAINT

1   Labor Code may be recovered through a civil action brought by an aggrieved employee on

2   behalf of himself or herself, and other current or former employees. These civil penalties

3   are in addition to any other relief available under the Labor Code, and pursuant to Labor

4   Code § 2699(i), must be allocated seventy-five percent (75%) to the LWDA and twenty-

5   five percent (25%) to the aggrieved employees.

6          158.   During all, or a portion of, the one year period before Plaintiffs filed notice

7   of their claims with the LWDA, Plaintiffs and each of the other current or former

8   employees Plaintiffs represent were employed by Defendants in the state of California.

9          159.   Plaintiffs and other current or former pharmacy employees are "aggrieved

10  employees" under PAGA, as they were employed by Defendants within the past year and

11  suffered one or more violations of the Labor Code.

12         160.   Plaintiff Cabrera has complied with the notice requirements outlined in Labor

13  Code § 2699.3.  On June 22, 2016, Plaintiff Cabrera submitted notice to the LWDA and

14  Defendants informing them of CVS's alleged Labor Code violations pursuant to PAGA.

15  *See* Exhibit 1. The LWDA had until August 28, 2017 to provide notice of whether it

16  intended to investigate the alleged violations. As of the date of this FAC, the LWDA has

17  not provided notice of whether it intends to investigate the alleged violations.  Therefore,

18  pursuant to Labor Code § 2699.3, Plaintiff Cabrera as the right to, and does seek to pursue

19  his claims under PAGA in a representative capacity.

20         161.   To the extent applicable, Plaintiff Telahun has complied with the notice

21  requirements outlined in PAGA. On August 22, 2017, Plaintiffs submitted an amended

22  notice which included an additional representative, Plaintiff Telahun, and included

23  additional facts and theories to support the alleged Labor Code violations, to the LWDA.

24  A true and correct copy of the amended notice is attached hereto as **Exhibit 2**, and is

25  incorporated herein by this reference. The LWDA has 65 days from the date of submission

26  to notify the parties whether it intends to investigate. In the event, the LWDA elects not to

27  investigate, Plaintiffs will seek to amend this complaint to include Plaintiff Telahun as an

28  additional PAGA representative.

162.    As set forth herein, CVS has committed, and continues to commit, numerous violations for which the Labor Code entitles Plaintiff Cabrera, in his representative capacity, to recover, on behalf of himself and all other current or former employees, and the general public, attorneys' fees and costs, as well as statutory penalties against CVS for its Labor Code violations.

163.    Plaintiff Cabrera, in his representative capacity, seeks to recover civil penalties pursuant to PAGA for violations of the following Labor Code provisions for the reasons described herein:

(a)    Failure to pay minimum wages and overtime compensation in violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1, and 1198;

(b)    Failure to provide legally compliant meal periods or compensation in lieu thereof in violation of Labor Code §§ 226.7 and 512;

(c)    Failure to provide legally compliant rest periods or compensation in lieu thereof in violation of Labor Code § 226.7 and relevant IWC Wage Orders;

(d)    Failure to pay wages owed in violation of Labor Code §§ 201 – 203;

(e)    Failure to furnish accurate itemized wage statements in violation of Labor Code §§ 226 and 226.3;

(f)    Failure to maintain accurate records in violation of Labor Code §§ 226, 226.3, and 1174;

(g)    Failure to reimburse for necessary work expenses in violation of Labor Code §§ 2800 and 2802.

164.    For violations of Labor Code §§ 510 and 512, in addition to any other recovery provided by law, Labor Code § 558 imposes a civil penalty of $50 per pay period for each underpaid pharmacy employee for the initial violation and $100 per pay period for each underpaid pharmacy employee for each subsequent violation of any section of Labor Code Division 2, Part 2, Chapter 1, or any provision regulation hours and days of work in any order of the IWC.  Labor Code § 558 also requires that any recovery of wages

34

FIRST AMENDED COMPLAINT

1  be paid to the affected employee. As such, Plaintiff Cabrera and other current or former

2  employees are entitled to, and therefore seek the above described civil penalty.

3     165.   Labor Code § 226.3 imposes a civil penalty of $250 per pharmacy employee

4  per violation and $1,000 per pharmacy employee for each subsequent violation of Labor

5  Code § 226(a).  Therefore, Plaintiff Cabrera and other current or former employees are

6  entitled to, and seek the described civil penalty.

7     166.   Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per

8  pharmacy employee for initial violation, and $200 per pay period, per pharmacy employee

9  for each subsequent violation for all Labor Code provisions for which a civil penalty is not

10  specifically provided, including Labor Code §§ 201, 202, 203 204, 226, 226.3, 226.7, 510,

11  512, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802. Plaintiff Cabrera and other current or

12  former employees are entitled to, and therefore seek the above described civil penalty.

13     167.   Lastly, Labor Code § 2699(g)(1) provides that an employee who prevails in a

14  civil action brought pursuant to PAGA shall be entitled to an award of reasonable

15  attorneys' fees and costs. As such, Plaintiff Cabrera is entitled to and therefore seeks

16  attorneys' fees and costs.

17     168.   Plaintiff Cabrera, in his representative capacity, requests further relief as

18  described in the below prayer.

19                          **PRAYER FOR RELIEF**

20  Plaintiffs pray for judgment against Defendants as follows:

21        1.   For an order determining that this action may be maintained as a class

22             action with the named Plaintiffs as the class representatives;

23        2.   For the attorneys appearing on the above caption to be named class

24             counsel;

25        3.   For an order determining that this action may be maintained as a

26             representative action with the named Plaintiff as the representative;

27        4.   For all minimum wages and overtime compensation owed pursuant to

28             Labor Code §§ 510, 1194, 1197.1, and/or other applicable law;

5.  For premium wages, pursuant to Labor Code § 226.7;

6.  For waiting time penalties pursuant to Labor Code § 203;

7.  For damages, pursuant to Labor Code § 226, and/or other applicable law;

8.  For unreimbursed business expenses, pursuant to Labor Code §§ 2800 and 2802;

9.  For all liquidated damages, pursuant to Labor Code §§ 226(e), 1194.4(a), 1197.1, and/or other applicable law;

10. For civil penalties, pursuant to Labor Code §§ 558, 1197.1, and/or other applicable law;

11. For PAGA civil penalties pursuant to Labor Code § 2698 et seq.;

12. For injunctive relief, pursuant to Labor Code § 266(h) and Bus. & Prof. Code § 17203, and/or other applicable law;

13. For restitution for Defendants' unfair, unlawful, and fraudulent business practices;

14. For reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 266(e)(1), 2699(g), 1194, and/or other applicable law;

15. For pre-judgment and post-judgment interest as provided by California law;

16. For appropriate equitable relief; and

17. For all such other and further relief, the Court may deem just and proper.

Dated: September 5, 2017                    **CLARK LAW GROUP**


By: _Monm R. Rodriguez_
R. Craig Clark
Monique R. Rodriguez
*Attorneys for Plaintiffs*

Exhibit A, Page 084
FIRST AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: September 5, 2017                          **CLARK LAW GROUP**


By: _Moniq R. Rodriguez_
        R. Craig Clark
        Monique R. Rodriguez
        *Attorneys for Plaintiffs*

37
FIRST AMENDED COMPLAINT

# EXHIBIT 1

# EXHIBIT 1

# CLARK LAW GROUP

• 205 West Date Street • San Diego, California 92101 •
• Phone: (619) 239-1321 • Facsimile: (888) 273-4554 •
• www.clarklawyers.com •

June 22, 2017

*Via Online Filing*

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94012

  ***Re: Sigfredo Cabrera v. CVS Pharmacy, Inc., et al.***

To Whom It May Concern:

The purpose of this correspondence is to inform you that Sigfredo Cabrera, on behalf of himself and all other current or former pharmacists, pharmacy managers, pharmacy service technicians, and pharmacy sales associates (collectively "pharmacy employees"), intends to assert his legal rights granted to him by the California Labor Code Private Attorneys General Act of 2004, as set forth in California Labor Code § 2698 et seq. ("The Act"). This letter serves to satisfy the notice requirements of The Act, as it includes the facts and theories to support the alleged violations, and will also be sent to CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("Defendants" or "CVS") through their agent for service of process. By sending this correspondence, Mr. Cabrera is complying with The Act's statutory notice requirement.

## Factual Statement and Theories of Labor Code Violations

Mr. Cabrera was employed by Defendants as an hourly non-exempt pharmacy service associate and a pharmacy technician at three different stores in Oakland, San Leandro and Palo Alto, California. Mr. Cabrera's employment with CVS began on or about January 2016 and ended on or about January 2017. Thus, Mr. Cabrera was employed by CVS within the last year.

Mr. Cabrera asserts that he and other current or former pharmacy employees suffered, and current pharmacy employees continue to suffer, the violations listed herein while employed by CVS.

Any and all claims alleged in this notice are asserted on behalf of Mr. Cabrera and all non-exempt pharmacy employees of Defendants in California who have suffered the same or similar violations alleged herein. Mr. Cabrera also reserves his right to assert any other related claims and theories discovered after the sending of this notice, since investigation and discovery are ongoing.

## I.    CVS Failed to Pay Minimum Wages and Overtime Compensation in Violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1 and 1198.

Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work. According to Labor Code § 1197 employers are required to pay its employees the fixed minimum wage set by the California labor commission. Labor Code § 1198 makes it unlawful to employ persons without compensating them at the rate of pay either time and one half or two times that person's regular rate of pay depending on the number of hours worked.  Accordingly, Labor Code § 510 specifies that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week, and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Labor Code § 1194 permits an employee to recover any unpaid balance of the minimum wage or overtime compensation not paid for all hours worked. Labor Code § 1197.1 requires an employer to pay a civil penalty if it causes an employee to be paid a wage less than the fixed minimum wage.

Off the Clock Training Time

Mr. Cabrera alleges that he and other pharmacy employees are required to participate in mandatory training sessions about once a month.  The training sessions are not essential for any state certification, licensing, or regulation. The trainings are typically carried out on a web based system, which he believes keeps record of log-in and log-out times, as well as the total amount of time the pharmacy employees spend to complete each training module. As a policy, practice, and/or procedure CVS directs and permits pharmacy employees to complete the requisite trainings while clocked in during a schedule shift. However, due to Defendants' staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime, pharmacy employees typically do not have the time to complete the requisite training during their scheduled shifts. As a common practice, the mandatory trainings were often completed "off the clock" from remote locations in addition to their eight (8) hours of work.

Moreover, as a policy, practice, and/or procedure CVS may discipline pharmacy employees for failing to complete the mandated training modules. For example, an employee's hours may be cut for failing to complete a mandated training.

To ensure pharmacy employees complete their required trainings, as a policy, practice, and/or procedure CVS provides all pharmacy employees with remote access log-in credentials, so that the pharmacy employees may access the web-based training system from a remote location, such as the employee's home.

The web based training system and CVS' time keeping system are not integrated. Because time worked is largely recorded on store cash registers, training conducted "off the clock" must be manually entered by a store manager. As a policy, practice, and/or procedure CVS directs store managers to use the minimal about of work hours and employees necessary to operate the store. As a result of CVS's direction and pressure many store managers are reluctant to enter the pharmacy employee's actual time spent participating in the mandated training because the

training time largely dips into overtime hours. As a result, much if not all the time spent remotely participating in the required training by pharmacy employees is never recorded, or if it is recorded only part of the time spent participating in the training module is recorded. Thus, pharmacy employees are not paid for all the time they spent participating in the mandated training

As a policy, practice, and/or procedure CVS also instructs its store managers to only enter the predetermined time a training module is expected to take to complete, instead of the actual time spent participating in the training. As a result, even if the pharmacy employee's training time is recorded, often the actual time spent in training is not appropriately entered.

Thus, pharmacy employees are not paid for the actual time they spent participating in the required training. Due to the policies, practices, and/or procedures described above, which deter store managers from accurately recording training time and/or overtime, pharmacy employees were unable to properly record all their time spent participating in required trainings. As a result, Mr. Cabrera and other pharmacy employees were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

<u>Off the Clock Work Time</u>

Mr. Cabrera alleges that he and other pharmacy employees were often told to work off the clock before and after their scheduled shifts in order to meet the needs of the pharmacy. As a policy, practice, and/or procedure CVS assigns each store and/or pharmacy department a set amount of work hours based on prescription volume from the previous year. As a policy, practice, and/or procedure CVS instructs its store managers and/or pharmacy managers to not to go over the allotted amount of work hours provided. As a result, pharmacy employees often instructed to work off the clock. In Mr. Cabrera's experience, if an employee was asked to work off the clock the employee was often disciplined by having his or her hours cut. As a policy, practice, and/or procedure CVS would instruct pharmacy employees to clock out, while requiring and expecting them to work longer than their scheduled shifts. Often the pharmacy employees worked more than eight (8) hours a day, and/or forty (40) hours per week. Pharmacy employees, such as Mr. Cabrera, were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

## II.    <u>CVS Failed to Provide Legally Compliant Meal Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7 and 512.</u>

Pursuant to Labor Code § 512, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

/ / /

If the employer fails to provide an employee with a meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

Mr. Cabrera alleges that as a policy, practice, and/or procedure CVS required pharmacy employees to clock out for meal period despite the fact that pharmacy employees continued to work through their meal periods in order to meet the needs of the pharmacy. Mr. Cabrera alleges that CVS knew or had reason to know that pharmacy employees were working through their meal periods because (1) various managers, supervisors, and personnel saw the pharmacy employees eating and working during their meal periods, (2) Mr. Cabrera complained about not receiving adequate meal periods to his superiors, (3) the work accomplished could not have been completed in the number of documented hours.

Additionally, Mr. Cabrera and other pharmacy employees, did not receive a second meal period when they worked more than ten (10) hours. This largely resulted when pharmacy employees were working off the clock, as described above.

Mr. Cabrera, as well as other pharmacy employees were not compensated for noncompliant meal periods throughout the statutory period in violation of Labor Code §§ 226.7 and 512.

### III.   CVS Failed to Provide Legally Complaint Rest Periods or Compensation in Lieu Thereof in Violation California Labor Code § 226.7.

Labor Code § 226.7 requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a lawful rest period was not provided.

Mr. Cabrera alleges that as a policy, practice, and/or procedure CVS did not provide pharmacy employees with lawful rest periods, despite its written policy. Pharmacy employees, such as Mr. Cabrera, worked without the opportunity to take a rest period due to the busy nature of the pharmacy and the pressure by CVS to meet the stores goals, as outlined above. CVS did not compensate Mr. Cabrera or other pharmacy employees for noncompliant rest periods throughout the statutory period in violation of Labor Code § 226.7.

### IV.   CVS Failed to Pay Wages Owed at Termination in Violation of California Labor Code §§ 201-203.

Pursuant to Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 202(a) provides that if an employee does not have a written contract for a definite period and quits his or her employment, the employee's wages are due and payable no later than 72 hours thereafter, unless the employee has given 72-hours previous notice of his/her intention to quit, then the employee is entitled to his/her wages at the time of quitting. If an employer willfully fails to pay an employee in accordance to Labor Code §§ 201 and 202, then the employee's wages shall continue as a penalty form the due date thereof at the same rate until paid or until an action is commenced, however, the wages shall not continue for more than thirty (30) days.

As discussed above, CVS failed to pay its employees for all time worked in violation of the California Labor Code. As a result, CVS also willfully failed to pay, in a timely manner, wages owed to Mr. Cabrera and other former pharmacy employees who left their employment with CVS or who were terminated during the statutory period in violation of Labor Code §§ 201-203.

## V.    CVS Failed to Timely Furnish Legally Compliant Wage Statements in Violation of California Labor Code § 226.

Section 226(a) of the Labor Code requires that CVS provide accurate and itemized wage statements to its employees. Specifically, Labor Code § 226(a) requires that each wage statement show "(1) gross wages earned, (2) total hours worked by the employee... (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than the social security number, (8) the name and address of the legal entity that is the employer...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the corresponding number of hours worked at each hourly rate by the employee..."

Labor Code § 226(b) further requires the employee to keep the information required by Labor Code § 226(a) and afford current and former employees the right to inspect or copy records pertaining to their employment.

CVS knowingly and intentionally failed to comply with Labor Code § 226 on each and every wage statement provided to Mr. Cabrera and the other current or former pharmacy employees. Mr. Cabrera alleges that his wage statements did not include the gross and/or net wages earned because CVS failed to properly compensate him for all hours worked. Mr. Cabrera also alleges that CVS failed to maintain accurate records of his gross and/or net wages earned because CVS failed to properly compensate him for all hours worked. Thus, the gross and/or net wages reflected on his wage statements, as well as other pharmacy employees' statements, were inaccurate in violation of Labor Code § 226.

Additionally, pursuant to CVS's policy, practice and/or procedure of not permitting employees to record their actual time worked, as described herein, CVS knowingly and intentionally failed to keep accurate records of the total hours worked. As indicated herein, the training system is not integrated into the time keeping system, as such pharmacy employee time spent participating in training was not properly recorded as time worked.

Moreover, CVS knowingly and intentionally failed to itemize the total hours worked on pharmacy employee wage statements. As a result, the total hours listed on his wage statement were inaccurate in violation of Labor Code § 226.

Furthermore, CVS failed to include the employee's name and the last four digits of their social security number and/or employee identification number on each of the wage statements provided

to Mr. Cabrera and the other current and/or former pharmacy employees in violation of Labor Code § 226.

The wage statements provided by CVS also did not properly include the pay period information for each wage statement, the accurate rate of pay for the various types of work, nor did the wage statements include the name and address of the legal entity that employed Mr. Cabrera and the other current or former pharmacy employees in violation of Labor Code § 226.

During the statutory period, CVS knowingly and intentionally failed to abide by the requirements outlined in Labor Code § 226 by failing to maintain records and providing incomplete and inaccurate wage statements to Mr. Cabrera and other current or former pharmacy employees.

## VI.     CVS Failed to Fully Reimburse for Work Expenses in Violation of California Labor Code §§ 2800 and 2802.

Pursuant to Labor Code § 2800 an employer shall indemnify employee losses caused by the employer's want of ordinary care.  Accordingly, Labor Code § 2802 provides that an employer shall indemnify his/her employee for all necessary expenditures or losses incurred by the employees as a result of employment. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

Mr. Cabrera alleges that CVS has a policy, practice and/or procedure of failing to reimburse and/or indemnify him and other current or former pharmacy employees for expenses incurred as a direct result of their employment.  Mr. Cabrera asserts that he and other current or former pharmacy employees had to use their personal computers and personal internet to complete the mandatory training from a remote location when they did not have the time to complete the required training during their scheduled shifts due Defendants' staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime. Mr. Cabrera and other current or former pharmacy employees were not reimbursed for the reasonable use of their personal computers and/or internet, even though CVS knew and/or had reason to know that employees were using their personal computers and internet for work related activities without reimbursement in violation of Labor Code §§ 2800 and 2802.

Additionally, Mr. Cabrera alleges that CVS has a policy, practice and/or procedure CVS requires pharmacy technicians to obtain a license and background check.  However, as a policy, practice, and/or procedure CVS refused to reimburse him and other pharmacy technicians for the costs of their license, background check, and travel, which are work related activities directly related to their employment with CVS in violation of Labor Code §§ 2800 and 2802.

## VII.    CVS Failed to Maintain Accurate Payroll Records in Violation of California Labor Code §§ 226(a) and 1174.

Labor Code § 1174(d) states "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this

purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

As described above, CVS has a policy, practice, and/or procedure of intentionally and willfully failing to maintain accurate payroll records properly showing the total hours worked each day and the wages paid to Mr. Cabrera, as well as other current or former pharmacy employees. Thus, CVS failed to maintain records of the total time worked and wages paid to Mr. Cabrera and other current and former pharmacy employees in violation of Labor Code § 1174.

### Conclusion

As described herein, Mr. Cabrera is an "aggrieved employee" as defined by Labor Code § 2699(c). CVS deprived Mr. Cabrera and other current or former pharmacy employees of their statutory rights in violation of the California Labor Code, as described herein. As such, Mr. has satisfied all the prerequisites to serve as a representative of the general public in order to enforce California's labor laws and the penalty provisions described herein.

If after 65 days from the date of this letter, the Labor and Workforce Development Agency does not act, or declines to intervene, Mr. Cabrera may elect to initiate or amend a civil action alleging the PAGA violations described herein, as well as other related claims.

Sincerely,

CLARK LAW GROUP

Monq R. Podnry

R. Craig Clark
Dawn M. Berry
Monique R. Rodriguez

Cc:

| | | |
|---|---|---|
| CVS Pharmacy, Inc. | CVS Rx Services, Inc. | Garfield Beach CVS, LLC |
| c/o C T Corporation System | c/o C T Corporation System | c/o C T Corporation System |
| 818 W. 7th Street, Suite 930 | 818 W. 7th Street, Suite 930 | 818 W. 7th Street, Suite 930 |
| Los Angeles, CA 90017 | Los Angeles, CA 90017 | Los Angeles, CA 90017 |

7

# EXHIBIT 2

# EXHIBIT 2

# CLARK LAW GROUP

• 205 West Date Street • San Diego, California 92101 •
• Phone: (619) 239-1321 • Facsimile: (888) 273-4554 •
• www.clarklawyers.com •

August 22, 2017

*Via Online Filing*

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94012

     **Re:**    ***Sigfredo Cabrera* and *Enko Telahun v. CVS Pharmacy, Inc., et al.***
          **LWDA-CM-259668-17**

To Whom It May Concern:

The purpose of this correspondence is to inform you that Sigfredo Cabrera and Enko Telahun, on behalf of themselves and all other current or former pharmacists, pharmacy managers, pharmacy service technicians, and pharmacy sales associates (collectively "pharmacy employees"), intend to assert their legal rights granted to them by the California Labor Code Private Attorneys General Act of 2004, as set forth in California Labor Code § 2698 et seq. ("The Act"). This amended letter serves to satisfy the notice requirements of The Act, as it includes the facts and theories to support the alleged violations, and will also be sent to CVS Rx Services, Inc., CVS Pharmacy, Inc., and Garfield Beach CVS, LLC (collectively "CVS") through their agent for service of process via certified mail. By sending this correspondence, Messrs. Cabrera and Telahun are complying with The Act's statutory notice requirement.

## Factual Statement and Theories of Labor Code Violations

Mr. Cabrera was employed by CVS as an hourly non-exempt pharmacy service associate and a pharmacy technician at three different stores in Oakland, San Leandro and Palo Alto, California. Mr. Cabrera's employment with CVS began on or about January 2016 and ended on or about January 2017. Thus, Mr. Cabrera was employed by CVS within the last year.

Mr. Telahun was employed by CVS as an hourly non-exempt pharmacist and pharmacy manager in the pharmacy department of a CVS store in San Diego, California from about June 2012 until February 2017. Thus, Mr. Telahun was employed by CVS within the last year.

Both Mr. Cabrera and Mr. Telahun assert that they and other current or former pharmacy employees were subject to the same policies, practices, and procedures described herein. Messrs. Cabrera and Telahun further allege that they and other current or former pharmacy employees suffered, and current pharmacy employees continue to suffer, the violations listed

herein while employed by CVS.

Any and all claims alleged in this notice are asserted on behalf of Messrs. Cabrera and Telahun and all non-exempt pharmacy employees of CVS in California who have suffered the same or similar violations alleged herein. Messrs. Cabrera and Telahun also reserve their right to assert any other related claims and theories on behalf of themselves and other current or former employees against CVS and/or other persons discovered after the sending of this notice, since investigation and discovery are ongoing.

I.   **CVS Failed to Pay Minimum Wages and Overtime Compensation in Violation of Labor Code §§ 204, 510, 1194, 1197, 1197.1 and 1198.**

Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work. According to Labor Code § 1197 employers are required to pay its employees the fixed minimum wage set by the California Labor Commission. Labor Code § 1198 makes it unlawful to employ persons without compensating them at the rate of pay either time and one half or two times that person's regular rate of pay depending on the number of hours worked. Accordingly, Labor Code § 510 specifies that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week, and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Labor Code § 1194 permits an employee to recover any unpaid balance of the minimum wage or overtime compensation not paid for all hours worked. Labor Code § 1197.1 requires an employer to pay a civil penalty if it causes an employee to be paid a wage less than the fixed minimum wage.

Off the Clock Training Time

Messrs. Cabrera and Telahun allege that they and other current or former pharmacy employees are required to participate in mandatory training sessions about once a month. The training sessions are not required for any state certification, licensing, or regulation. The trainings are typically completed on a web based system usually referred to as LEARNet, which Messrs. Cabrera and Telahun believe keeps record of log-in and log-out times, as well as the total amount of time the pharmacy employees spend to complete each training module. As a policy, practice, and/or procedure CVS directs and permits pharmacy employees to complete the requisite trainings while clocked in during a schedule shift. However, due to CVS's staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime, pharmacy employees frequently do not have the time to complete the mandatory training during their scheduled shifts. As a common practice, the mandatory trainings were often completed "off the clock" from remote locations in addition to their eight hours of work.

Moreover, as a policy, practice, and/or procedure CVS may discipline pharmacy employees for failing to complete the mandated training modules. For example, both Messrs. Cabrera and Telahun have witnessed employee work hours being cut for failing to complete training.

To ensure pharmacy employees complete their required trainings, as a policy, practice, and/or procedure CVS provides all pharmacy employees with remote access log-in credentials, so that

the pharmacy employees may access the web-based training system from a remote location, such as the employee's home. Based on information and belief, Messrs. Cabrera and Telahun allege that in 2017 CVS modified its policies and practices to restrict access to the web-based system from a remote location without permission from a manager.

The web based training system and CVS's time keeping system are not integrated. Because time worked is largely recorded on store cash registers or by using other software, training conducted "off the clock" must be manually entered by a store manager. As a policy, practice, and/or procedure CVS directs store managers and/or pharmacy managers to use the minimal amount of work hours and employees necessary to operate the store. As a result of CVS's direction and pressure, many store managers and/or pharmacy managers are reluctant to enter the pharmacy employee's actual time spent participating in the mandated training because the training time largely dips into overtime hours. As a result, much if not all the time spent remotely participating in the required training by pharmacy employees is never recorded, or if it is recorded only part of the time spent participating in the training module is recorded. Thus, pharmacy employees are not paid for all the time they spent participating in the mandated training

As a policy, practice, and/or procedure CVS also instructs its store managers and/or pharmacy managers to only enter the predetermined time a training module is expected to take to complete, instead of the actual time spent participating in the training. As a result, even if the pharmacy employee's training time is recorded, often the actual time spent in training is not appropriately entered.

Thus, pharmacy employees are not paid for the actual time they spent participating in the required training. Due to the policies, practices, and/or procedures described above, which deter store managers from accurately recording training time and/or overtime, pharmacy employees were unable to properly record all their time spent participating in required trainings. As a result, Messrs. Cabrera and Telahun, along with other pharmacy employees were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

<u>Off the Clock Work Time</u>

Messrs. Cabrera and Telahun allege that they and other pharmacy employees were often told to work off the clock before and after their scheduled shifts in order to meet the needs of the pharmacy.  As a policy, practice, and/or procedure CVS assigns each store and/or pharmacy department a set amount of work hours based on prescription volume from the previous year. As a policy, practice, and/or procedure CVS instructs its store managers and/or pharmacy managers to not to go over the allotted amount of work hours provided. As a result, pharmacy employees are often instructed to work off the clock.  In Mr. Cabrera's experience, if an employee asked to work off the clock the employee was often disciplined by having his or her hours cut.  As a policy, practice, and/or procedure CVS would instruct pharmacy employees to clock out, while requiring and expecting them to work longer than their scheduled shifts. Often the pharmacy employees worked more than eight (8) hours a day, and/or forty (40) hours per week.  Pharmacy employees, such as Messrs. Cabrera and Telahun, were not compensated for all time worked throughout the statutory period in violation of Labor Code §§ 204, 510, 1194, and 1197.

**II.     CVS Failed to Provide Legally Compliant Meal Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7 and 512.**

Pursuant to Labor Code § 512, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

If the employer fails to provide an employee with a meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

Messrs. Cabrera and Telahun allege that as a policy, practice, and/or procedure CVS required pharmacy employees to clock out for meal period despite the fact that pharmacy employees continued to work through their meal periods in order to meet the needs of the pharmacy and/or to complete the requisite training modules. Messrs. Cabrera and Telahun allege that CVS knew or had reason to know that pharmacy employees were working through their meal periods because (1) various managers, supervisors, and personnel saw the pharmacy employees eating and working during their meal periods, (2) LEARNet shows that pharmacy employees were completing trainings, while they were clocked out at lunch, (3) the work accomplished could not have been completed in the number of documented hours, and (4) Mr. Cabrera complained about not receiving adequate meal periods to his superiors.

Additionally, Messrs. Cabrera and Telahun, as well as other pharmacy employees, did not receive a second meal period when they worked more than ten hours. This largely resulted when pharmacy employees were working off the clock, as described above.

California regulations provide that a pharmacist must be on the premises at all times and be fully aware of all activities performed by either a pharmacy technician or an intern pharmacist. Mr. Telahun contends that as a policy, practice, and/or procedure CVS schedules only one pharmacist on duty for a period of four to six hours. Due to this scheduling practice, pharmacists, such as Mr. Telahun, were not provided with meal periods that were free of all duty, as he and other pharmacists were on call during their meal periods and/or they were unable to leave the premises. As such, Mr. Telahun and other pharmacist were not provided with legally compliant meal periods.

Messrs. Cabrera and Telahun, as well as other pharmacy employees were not compensated for noncompliant meal periods throughout the statutory period. As such, CVS violated Labor Code §§ 226.7 and 512.

/ / /
/ / /
/ / /

### III.  CVS Failed to Provide Legally Complaint Rest Periods or Compensation in Lieu Thereof in Violation California Labor Code § 226.7.

Labor Code § 226.7 requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a lawful rest period was not provided.

Messrs. Cabrera and Telahun allege that as a policy, practice, and/or procedure CVS did not provide pharmacy employees with lawful rest periods, despite its written policy. Pharmacy employees, such as Messrs. Cabrera and Telahun, worked without the opportunity to take a rest period due to the busy nature of the pharmacy and the pressure by CVS to meet the stores goals, as outlined above.

Additionally, due to CVS's scheduling practices, which only provides for one pharmacist to be scheduled for a period of four to six hours, pharmacists, such as Mr. Telahun, were unable to take off-duty rest periods as they were expected to be on-call at all times due to California regulations.

CVS did not compensate Messrs. Cabrera and Telahun, or other pharmacy employees for noncompliant rest periods throughout the statutory period. Thus, CVS also violated of Labor Code § 226.7.

### IV.  CVS Failed to Pay Wages Owed at Termination in Violation of California Labor Code §§ 201-203.

Pursuant to Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 202(a) provides that if an employee does not have a written contract for a definite period and quits his or her employment, the employee's wages are due and payable no later than 72 hours thereafter, unless the employee has given 72-hours previous notice of his/her intention to quit, then the employee is entitled to his/her wages at the time of quitting. If an employer willfully fails to pay an employee in accordance to Labor Code §§ 201 and 202, then the employee's wages shall continue as a penalty form the due date thereof at the same rate until paid or until an action is commenced, however, the wages shall not continue for more than thirty (30) days.

As discussed above, CVS failed to pay its employees for all time worked in violation of the California Labor Code. As a result, CVS also willfully failed to pay, in a timely manner, wages owed to Messrs. Cabrera and Telahun, as well as other former pharmacy employees who were discharged from their employment with CVS during statutory period in violation of Labor Code §§ 201-203.

### V.  CVS Failed to Timely Furnish Legally Compliant Wage Statements in Violation of California Labor Code § 226.

Section 226(a) of the Labor Code requires that CVS provide accurate and itemized wage statements to its employees. Specifically, Labor Code § 226(a) requires that each wage statement show "(1) gross wages earned, (2) total hours worked by the employee... (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than the social security number, (8) the name and address of the legal entity that is the employer...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the corresponding number of hours worked at each hourly rate by the employee..."

Labor Code § 226(b) further requires the employee to keep the information required by Labor Code § 226(a) and afford current and former employees the right to inspect or copy records pertaining to their employment.

CVS knowingly and intentionally failed to comply with Labor Code § 226 on each and every wage statement provided to Messrs. Cabrera and Telahun, as well as other current or former pharmacy employees. Messrs. Cabrera and Telahun allege that their wage statements did not include the gross and/or net wages earned because CVS failed to properly compensate them for all hours worked. Messrs. Cabrera and Telahun also allege that CVS failed to maintain accurate records of his gross and/or net wages earned because CVS failed to properly compensate them for all hours worked. Thus, the gross and/or net wages reflected on their wage statements, as well as other pharmacy employees' statements, were inaccurate in violation of Labor Code § 226.

Additionally, pursuant to CVS's policy, practice and/or procedure of not permitting employees to record their actual time worked, as described herein, CVS knowingly and intentionally failed to keep accurate records of the total hours worked. As indicated herein, the training system is not integrated into the time keeping system, as such pharmacy employee time spent participating in training was not properly recorded as time worked.

Moreover, CVS knowingly and intentionally failed to itemize the total hours worked on pharmacy employee wage statements. As a result, the total hours listed on his wage statement were inaccurate in violation of Labor Code § 226.

Furthermore, CVS failed to include the employee's name and the last four digits of their social security number and/or employee identification number on each of the wage statements provided to Messrs. Cabrera and Telahun, and other current or former pharmacy employees in violation of Labor Code § 226.

The wage statements provided by CVS also did not properly include the pay period information for each wage statement, the accurate rate of pay for the various types of work, nor did the wage statements include the name and address of the legal entity that employed Messrs. Cabrera, Telahun, and the other current or former pharmacy employees in violation of Labor Code § 226.

During the statutory period, CVS knowingly and intentionally failed to abide by the requirements outlined in Labor Code § 226 by failing to maintain records and providing incomplete and inaccurate wage statements to Messrs. Cabrera and Telahun, and other current or former pharmacy employees.

**VI.    CVS Failed to Fully Reimburse for Work Expenses in Violation of California Labor Code §§ 2800 and 2802.**

Pursuant to Labor Code § 2800 an employer shall indemnify employee losses caused by the employer's want of ordinary care.  Accordingly, Labor Code § 2802 provides that an employer shall indemnify his/her employee for all necessary expenditures or losses incurred by the employees as a result of employment. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

Messrs. Cabrera and Telahun allege that CVS has a policy, practice and/or procedure of failing to reimburse and/or indemnify him and other current or former pharmacy employees for expenses incurred as a direct result of their employment.  Messrs. Cabrera and Telahun assert that they and other current or former pharmacy employees had to use their personal computers and/or devices, as well as their personal internet to complete the mandatory training from a remote location when they did not have the time to complete the required training during their scheduled shifts due CVS's staffing policies, the busy nature of the pharmacy, and the culture of deterring overtime. Messrs. Cabrera and Telahun and other current or former pharmacy employees were also not reimbursed for the reasonable use of their personal computers and/or internet, even though CVS knew and/or had reason to know that employees were using their personal computers and internet for work related activities without reimbursement in violation of Labor Code §§ 2800 and 2802.

Additionally, Mr. Cabrera alleges that CVS has a policy, practice and/or procedure CVS requires pharmacy technicians to obtain a license and background check.  However, as a policy, practice, and/or procedure CVS refused to reimburse him and other pharmacy technicians for the costs of their license, background check, and travel, which are work related activities directly related to their employment with CVS in violation of Labor Code §§ 2800 and 2802.

**VII.    CVS Failed to Maintain Accurate Payroll Records in Violation of California Labor Code §§ 226(a) and 1174.**

Labor Code § 1174(d) states "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

As described herein, CVS has a policy, practice, and/or procedure of intentionally and willfully failing to maintain accurate payroll records properly showing the total hours worked each day and the wages paid to Messrs. Cabrera and Telahun, as well as other current or former pharmacy employees. Thus, CVS failed to maintain records of the total time worked and wages paid to Messrs. Cabrera and Telahun, as well as other current and former pharmacy employees in violation of Labor Code § 1174.

## Conclusion

As described herein, Messrs. Cabrera and Telahun are "aggrieved employees" as defined by Labor Code § 2699(c). CVS deprived Messrs. Cabrera, Telahun, and other current or former pharmacy employees of their statutory rights in violation of the California Labor Code, as described herein. As such, Messrs Cabrera and Telahun have satisfied all the prerequisites to serve as a representative of the general public in order to enforce California's labor laws and the penalty provisions described herein.

If after 65 days from the date of this letter, the Labor and Workforce Development Agency does not act, or declines to intervene, Messrs. Cabrera and Telahun may elect to initiate and/or amend a civil action alleging the PAGA violations described herein, as well as other related claims.

Sincerely,

CLARK LAW GROUP

R. Craig Clark
Dawn M. Berry
Monique R. Rodriguez


Cc:   _Via Certified Mail_

CVS Rx Services, Inc.
c/o Lawyers Incorporating
Service
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833

CVS Pharmacy, Inc.
c/o Lawyers Incorporating
Service
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833

Garfield Beach CVS, LLC
c/o C T Corporation System
818 W. 7th Street, Suite 930
Los Angeles, CA 90017

CLARK LAW GROUP                                           CVS RX Services, Inc.
Attn: Clark, R. Craig
205 W Date St
San Diego, CA   92101____

L                                          ⌐            L                                    ⌐

---

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Cabrera | No. <u>RG17870184</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| | NOTICE OF HEARING (AMENDED) |
| CVS RX Services, Inc. | |
| | Complex Determination Hearing on 10/17/2017 |
| | has been vacated and rescheduled. |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/17/2017    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

Exhibit A, Page 103

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 09/12/2017               Chad Finke  Executive Officer / Clerk of the Superior Court

By     _____

                                                Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/13/2017.

By     _____

                                                Deputy Clerk

1 R. Craig Clark (SBN 129219)
  cclark@clarklawyers.com
2 Monique R. Rodriguez (SBN 204223)
  mrodriguez@clarklawyers.com
3 **CLARK LAW GROUP**
  205 West Date Street
4 San Diego, CA 92101
  Telephone: (619) 239-1321
5 Facsimile: (888) 273-4554
  *Attorneys for Plaintiffs*

6
  Walter Haines (SBN 071075)
7 **UNITED EMPLOYEES LAW GROUP**
  5500 Bolsa Avenue, Suite 201
8 Huntington Beach, CA 92649
  Telephone: (562) 256-1047
9 Facsimile: (562) 256-4554
  *Attorney for Plaintiff Cabrera*
10

11

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **IN AND FOR THE COUNTY OF ALAMEDA**

14 SIGFREDO CABRERA and ENKO            CASE NO.: RG17870184
   TELAHUN, as individuals, on behalf of
15 themselves, and all other persons similarly   **CLASS & REPRESENTATIVE ACTION**
   situated,
16
                                          **NOTICE OF HEARING**
17              Plaintiffs,

18        v.

19 CVS RX SERVICES, INC., a New York
   corporation, CVS PHARMACY, INC., a
20 Rhode Island corporation; GARFIELD
   BEACH CVS, LLC, a California limited
21 liability company; and DOES 1 to 10
   inclusive,
22
                Defendants.
23

24

25

26 / / /

27 / / /

28 / / /

FILED
ALAMEDA COUNTY
SEP 22 2017
CLERK OF THE SUPERIOR COURT
By _____
Deputy

BY FAX

1 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2 |     **PLEASE TAKE NOTICE THAT** the above-entitled matter has been scheduled for a

3 | Complex Determination Hearing and Initial Complex Case Management Conference on

4 | October 17, 2017, at 3:00 PM in Department 23 of the above-entitled court, located at 1221

5 | Oak Street, Oakland, CA 94612.

6 |     Attached hereto as **Exhibit 1** is a true and correct copy of the Court's Notice of Hearing

7 | (AMENDED).

8 |     **PLEASE TAKE FURTHER NOTICE THAT** pursuant to California Rules of Court,

9 | Rule 3.1308, Department 23 issues tentative rulings on Domain Web. The complete text of the

10 | Court's tentative ruling may be obtained through the Court's website at

11 | www.alameda.courts.ca.gov/domainweb or by telephoning the clerk at (510) 267-6939.

12 |

13 | Dated: September 19, 2017          **CLARK LAW GROUP**

14 |

15 |

16 | By: *Monique R. Rodriguez*
       R. Craig Clark

17 |      Monique R. Rodriguez
       *Attorneys for Plaintiffs*

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

NOTICE OF HEARING

Exhibit A, Page 106

# Exhibit 1

CLARK LAW GROUP
Attn: Clark, R. Craig
205 W Date St
San Diego, CA  92101____

CVS RX Services, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Cabrera

      Plaintiff/Petitioner(s)
    VS.

CVS RX Services, Inc.

       Defendant/Respondent(s)
    (Abbreviated Title)

No. RG17870184

### NOTICE OF HEARING (AMENDED)

Complex Determination Hearing on 10/17/2017
has been vacated and rescheduled.

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

     Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/17/2017   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
     1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at
**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

Exhibit A, Page 108

scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/12/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/13/2017.

By _____

                                    Deputy Clerk

**DECLARATION OF SERVICE**
*Sigfredo Cabrera and Enko Telahun v. CVS Rx Services, Inc. et al.*
Alameda County Superior Court Case No. RG17870184

I am employed in the county of San Diego, state of California. I am over the age of 18 and not a party to this action. My business address is 205 West Date Street, San Diego, CA 92101. On September 19, 2017, I served the document(s) described as:

**1. Notice of Hearing**

on the following interested parties and in the manner as follows:

CVS Rx Services, Inc.
c/o Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833
*Defendant*

CVS Pharmacy, Inc.
c/o Lawyers Incorporating Service
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833
*Defendant*

Garfield Beach CVS, LLC
c/o CT Corporation System
818 W. 7th Street
Suite 930
Los Angeles, CA 90017
*Defendant*

☐ **BY ELECTRONIC SERVICE**: I electronically served the document via Case Anywhere on the recipient(s) designated on the Case Anywhere Transaction Receipt located on the Case Anywhere website.

☒ **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

☐ **BY OVERNIGHT DELIVERY**: by enclosing the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on September 19, 2017, at San Diego, California.

Andrea Gorriño
Andrea Gorriño

1
DECLARATION OF SERVICE

CLARK LAW GROUP
Attn: Clark, R. Craig
205 W Date St
San Diego, CA   92101_____

CVS RX Services, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Cabrera<br><br>                    Plaintiff/Petitioner(s)<br><br>VS.<br><br>CVS RX Services, Inc.<br><br><br><br>                    Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG17870184</u><br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Case Management Conference on 11/17/2017 has been vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:
                    Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 11/28/2017    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions under Local Rule 3.90.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing (CDH) must be scheduled in the same department as that hearing.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for the department where the CDH is scheduled.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling 1-888-882-6878, or faxing a service request form to 1-888-882-2946. This service is subject to charges by the vendor.

Dated:  09/25/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                    By  _____
                                        Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/25/2017.

Exhibit A, Page 111

By: _____
                    Deputy Clerk

MONIQUE N. RODRIGUEZ (SBN 307225)
CLARKSON GROUP
205 WEST DATE STREET
SAN DIEGO CA 92101
619-239-1321
Attorney for     : SIGFREDO CABRERA, ETC.
Atty. File No.    : RG17870184

FILED
ALAMEDA COUNTY

OCT 04 2017

CLERK OF THE SUPERIOR COUR
By _____
                          Deput

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
ALAMEDA JUDICIAL DISTRICT

PLAINTIFF       : SIGFREDO CABRERA, ETC.
DEFENDANT     : CVS RX SERVICES, INC., ET AL.

Case No.: RG17870184
**PROOF OF SERVICE OF SUMMONS**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the    SUMMONS; COMPLAINT; FIRST AMENDED COMPLAINT; CIVIL CASE COVER
      SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET;
      BLANK STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
      AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS; NOTICE
      OF HEARING

3.  a.  Party served      :    GARFIELD BEACH CVS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
                                      AUTHORIZED AGENT FOR SERVICE: CT CORPORATION SYSTEM
      b.  Person served    :        GLADYS AGUILERA, PROCESS SPECIALIST
                                      (AUTHORIZED AGENT FOR CT CORPORATION SYS.)

4.  Address where the party was served      818 WEST 7TH STREET        SUITE 930
                                                            LOS ANGELES, CA 90017     (Business)

5.  I served the party
      a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party (1) on  September 7, 2017  (2) at: 10:20 AM

6.  The "Notice to the person served" (on the summons) was completed as follows:
      c.  on behalf of:      GARFIELD BEACH CVS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
                                  AUTHORIZED AGENT FOR SERVICE: CT CORPORATION SYSTEM
           under [xx] CCP 416.10  (corporation)

7.  **Person who served papers**
      a.  DANIEL MARIN
      b.  KNOX ATTORNEY SERVICE
           2250 FOURTH AVENUE
           SAN DIEGO, CA 92101
      c.  619-233-9700

      d.  Fee for service: $114.55
      e.  I am:
           (3)  a registered California process server
                 (i)   an employee
                 (ii)  Registration No. 2014157066
                 (iii) County: LOS ANGELES, CA

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 13, 2017                                  Signature: _____
                                                                            DANIEL MARIN

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)          **PROOF OF SERVICE**          Exhibit A, Page 113
                                                                                     Ref. No. 1551722-03

ORIGINAL

20227936

MONIQUE H. RODRIGUEZ, (SBN 304225)
CLARKSON LAW GROUP
205 WEST DATE STREET
SAN DIEGO, CA 92101
619-239-1321
Attorney for    : SIGFREDO CABRERA, ETC.
Atty. File No.    : RG17870184

**FILED**
ALAMEDA COUNTY

OCT 04 2017

CLERK OF THE SUPERIOR COURT
By _____
                    Deput

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
ALAMEDA  JUDICIAL DISTRICT

PLAINTIFF       : SIGFREDO CABRERA, ETC.          Case No.: RG17870184
DEFENDANT    : CVS RX SERVICES, INC., ET AL.     **PROOF OF SERVICE OF SUMMONS**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the    SUMMONS; COMPLAINT; FIRST AMENDED COMPLAINT; CIVIL CASE COVER
                              SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET;
                              BLANK STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
                              AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS; NOTICE
                              OF HEARING

3.  a.  Party served    :    CVS RX SERVICES, INC., A NEW YORK CORPORATION
                             AUTHORIZED AGENT FOR SERVICE: CSC-LAWYERS INCORPORATING SERVICE
    b.  Person served    :    BECKY DEGEORGE, PROCESS SPECIALIST
                             (AUTHORIZED AGENT FOR CSC-LAWYERS INC.)

4.  Address where the party was served    2710 GATEWAY OAKS DRIVE    SUITE 150N
                                         SACRAMENTO, CA 95833    (Business)

5.  I served the party
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on  September 8, 2017   (2) at: 11:30 AM

6.  The "Notice to the person served" (on the summons) was completed as follows:
    c.  on behalf of:      CVS RX SERVICES, INC., A NEW YORK CORPORATION
                          AUTHORIZED AGENT FOR SERVICE: CSC-LAWYERS INCORPORATING SERVICE
        under  [xx] CCP 416.10   (corporation)

7.  **Person who served papers**
    a.  JOHN D. HOUSTON
    b.  KNOX ATTORNEY SERVICE                    d.  Fee for service: $114.55
        2250 FOURTH AVENUE                       e.  I am:
        SAN DIEGO, CA 92101                          (3) a registered California process server
    c.  619-233-9700                                 (i)  an independent contractor
                                                     (ii)  Registration No.: 508
                                                     (iii) County: YOLO, CA

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 13, 2017                    Signature: _____
                                                      JOHN D. HOUSTON

Jud. Coun. form, rule 2.150 CRC              **PROOF OF SERVICE**          Exhibit A, Page 114
JC Form POS 010 (Rev. January 1, 2007)                                     Ref. No. 1551722-01

CLARK LAW GROUP
205 WEST DATE STREET
SAN DIEGO CA 92101
619-239-1321
Attorney for  : SIGFREDO CABRERA, ETC.
Atty. File No.  : RG17870184

**FILED**
ALAMEDA COUNTY

OCT 04 2017

CLERK OF THE SUPERIOR COUR
By _____
Deput

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
ALAMEDA  JUDICIAL DISTRICT

PLAINTIFF       : SIGFREDO CABRERA, ETC.
DEFENDANT    : CVS RX SERVICES, INC., ET AL.

Case No.: RG17870184
**PROOF OF SERVICE OF SUMMONS**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the     SUMMONS; COMPLAINT; FIRST AMENDED COMPLAINT; CIVIL CASE COVER
SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET;
BLANK STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS; NOTICE
OF HEARING

3.  a. Party served      :     CVS PHARMACY, INC., A RHODE ISLAND CORPORATION
AUTHORIZED AGENT FOR SERVICE: CSC-LAWYERS INCORPORATING SERVICE
   b. Person served    :        BECKY DEGEORGE, PROCESS SPECIALIST
(AUTHORIZED AGENT FOR CSC-LAWYERS INC.)

4. Address where the party was served     2710 GATEWAY OAKS DRIVE     SUITE 150N
SACRAMENTO, CA  95833     (Business)

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
receive service of process for the party (1) on  September 8, 2017   (2) at: 11:30 AM

6. The "Notice to the person served" (on the summons) was completed as follows:
   c. on behalf of:          CVS PHARMACY, INC., A RHODE ISLAND CORPORATION
AUTHORIZED AGENT FOR SERVICE: CSC-LAWYERS INCORPORATING SERVICE
   under  [xx]  CCP 416.10   (corporation)

7. **Person who served papers**
   a. JOHN D. HOUSTON
   b. KNOX ATTORNEY SERVICE
   2250 FOURTH AVENUE
   SAN DIEGO, CA 92101
   c. 619-233-9700

   d. Fee for service: $62.30
   e. I am:
      (3) a registered California process server
         (i)   an independent contractor
         (ii)  Registration No.: 508
         (iii) County: YOLO, CA

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  September 13, 2017

Signature: _____
JOHN D. HOUSTON

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

Exhibit A, Page 115

Ref. No. 1551722-02